**Wayne JOHNSON, Plaintiff–Appellant,**

v.

**WADDELL & REED, INC.,
Defendant–Appellee.**

No. 94–3167.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 20, 1995.[*]

Decided Jan. 17, 1996.

As Amended Jan. 25, 1996.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively

Wayne Johnson, West Chicago, IL, pro se.

Kurt L. Schultz, Brian E. Neuffer, Joseph John Zaknoen, Winston & Strawn, Chicago, IL, Waddell & Reed, Incorporated.

Before CUMMINGS, KANNE, and ROVNER, Circuit Judges.

PER CURIAM.

Wayne Johnson, proceeding as a *pro se* litigant, was sanctioned $800 under Federal Rule of Civil Procedure 11 for persisting in the prosecution of a diversity suit that did not meet the $50,000 amount in controversy requirement of 28 U.S.C. § 1332. In imposing the sanctions, the district court did not comply with the then-newly amended requirements of Rule 11. A Rule 59(e) review of the sanctions was granted, and the district court ultimately let the sanctions order stand. This appeal concerns only the propriety of the imposition of sanctions,[1] and we reverse and vacate the sanctions order of the district court.

---

concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.

1. Johnson failed to timely appeal the district court's dismissal of his complaint for lack of jurisdiction. By our order in this case of Janu-

## BACKGROUND

Johnson, from DuPage County, Illinois, obtained an assignment of claims from Diane Ballotti for "the sum of $10.00 and other valuable consideration." Ballotti was a sales representative for Waddell & Reed, a financial services corporation. The assigned claims concerned allegations relating to unpaid bonuses due Ballotti consisting of Waddell & Reed stock valued at $10,549, a twenty-three inch television valued at $700, a trip for two to Banff, Canada for a week valued at $5,000, and a trip for two to St. Louis, Missouri valued at $1,000. The amount of the specified claims totaled $17,249.

Johnson filed his complaint in federal court on December 30, 1993, alleging breach of contract, conversion, and fraud by Waddell & Reed. Johnson asserted diversity jurisdiction claiming only that the amount in controversy "exceeded $25,000"—not that the claims met the $50,000 federal jurisdictional requirement for diversity cases.

Counsel for Waddell & Reed advised Johnson by letter of January 12, 1994, that "unless you voluntarily dismiss your complaint, we plan to promptly file a motion to dismiss for lack of jurisdiction. At present we see no reason why the court would not award Rule 11 sanctions to recover our attorneys fees."

Waddell & Reed moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim on February 2, 1994. The motion to dismiss also included a comment that Rule 11 sanctions might be appropriate, noting that, although acting *pro se*, Johnson was an attorney.[2]

On February 23, 1994, Johnson filed an amended complaint without leave of court pursuant to Fed.R.Civ.P. 15(a). He added a claim of punitive damages and an allegation that the amount in controversy exceeded $50,000. The amended complaint, however, did not allege any additional facts or change of circumstances justifying the increase in the amount in controversy.

On March 9, 1994, Waddell & Reed filed a memorandum in support of its earlier motion to dismiss which incorporated the dismissal motion and again suggested that "[i]f plaintiff continues to refuse to withdraw, Rule 11 sanctions are warranted." Johnson filed a response on March 22, 1994, to Waddell & Reed's motion and memorandum. Waddell & Reed submitted its reply brief on March 25.

Both parties appeared in court on March 30 for a status hearing. At that time, Johnson filed a supplement to his earlier response indicating that the increased value of the stock had raised the principal amount in controversy to $28,448.

The district court entered an order the following day, on March 31, 1994, granting Waddell & Reed's motion to dismiss for lack of jurisdiction and stating:

> The plaintiff has had two tries to plead jurisdiction in this Court. He has failed to do so. The only basis for jurisdiction is diversity. There is no federal question. The amount in controversy is about $17,000 (maybe as high as $28,000). Only punitives can take this case over $50,000.

The court noted that the original complaint alleged damages "in excess of $25,000" and that only after the jurisdictional problem was asserted did Johnson allege damages of $50,-

---

ary 25, 1995, the scope of this appeal was limited to whether the district court abused its discretion by sanctioning him under Rule 11.

**2.** The introductory sentence in both Johnson's initial and amended complaints states in part:
> "Now comes, WAYNE JOHNSON, an attorney, *pro se*, and complains...."

Not surprisingly opposing counsel and the district court assumed that Johnson was (as he described himself) an attorney proceeding *pro se*. This court made the same assumption when we issued our original opinion in this case. However, as reported in the *Chicago Daily Law Bulletin* of January 19, 1996, Wayne Johnson asserts that "he's not a lawyer" but "a paralegal 'and common law consultant' who is affiliated with a 90-lawyer group called Legal Guardians, Inc." Indeed a check with the Illinois Supreme Court has verified that there is no Wayne Johnson "licensed or admitted to practice law in the State of Illinois." Of course, the fact that Johnson is not an attorney does not affect the outcome of this case.

000—without providing anything new to support the amended claim.

The court then explained why punitive damages could not be awarded.

There are two problems with the punitives. First, only the breach of contract count is reasonably pled. The fraud count does not state a claim for fraud, nor reliance on statements which were knowing or reckless misrepresentations when they were made. Conversion does not lie here. Second, punitives can be awarded for breach, but only when the breach is so malicious or wanton, it constitutes an independent tort. All plaintiff says here is that defendant acted "wantonly" with "malice" and so forth. At least some facts need to be pled under Rule 9(b) to show why this breach of contract is also a malicious tort, a showing which is not easily made under Illinois law. *See Racich v. Mid Continent Builders Co.,* 755 F.Supp. 228, 229 (N.D.Ill.1991) (and cases cited therein).

The court went on to advise Johnson as follows:

The plaintiff ought to take this case to a state court which is fully competent to grant him relief. There is no jurisdiction here.

Next, the district court addressed the matter of sanctions:

Defendants ask for Rule 11 sanctions. Given the fact that plaintiff was given fair warning about the deficiencies of his pleading, some costs and fees ought to be awarded for the pointless briefing on the amended complaint. Plaintiff, indeed, made no response to the request for Rule 11 sanctions, nor did he withdraw the complaints as he was requested to do.

To deter such filings I order plaintiff to pay $300 to the United States of America and $500 to the defendants. I excuse the filing of a separate petition for fees since the reasonable fees undoubtedly exceed the amount I have found appropriate to serve the purpose of deterrence.

On April 7, 1994, Johnson moved for reconsideration of the dismissal and the imposition of sanctions pursuant to Fed.R.Civ.P. 59(e). With regard to the issue of sanctions, Johnson argued that Waddell & Reed had not filed a separate pleading requesting sanctions and that the district court could only impose sanctions if it had subject matter jurisdiction.

The parties again appeared before the district court on April 22, 1994, and the district court denied the Rule 59(e) motion as to the dismissal of the complaint but granted Johnson's request to review the imposition of sanctions. A briefing schedule was set. Johnson filed a memorandum regarding the Rule 11 sanctions issue on May 13, 1994. Waddell & Reed filed a reply in support of the imposition of sanctions, and on August 5, 1995, the district court denied relief, thus allowing the imposition of sanctions to stand.

## DISCUSSION

■ Johnson claims on appeal that because Waddell & Reed failed to make its request for sanctions in a motion separate and apart from its motion to dismiss as required by Rule 11(c)(1)(A), the district judge's action in imposing sanctions must have been done *sua sponte.* Johnson further contends that the district court erred in imposing Rule 11 sanctions *sua sponte,* arguing that such action was taken in violation of Rule 11(c)(1)(B) and (2)(B) because the court did not issue an order to show cause why sanctions should not be imposed or give him an opportunity to respond before the imposition of sanctions.

Before the current version of Rule 11 came into effect on December 1, 1993, we had held that an offending party received adequate notice that sanctions might be imposed if a request for sanctions was included in a party's brief in support of its motion for summary judgment. *Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 279 (7th Cir.1989). We also had observed that when the reasons for sanctions are obvious it is unnecessary for a court to provide findings and explanations when imposing Rule 11 sanctions. *Id.* Moreover, the former version of Rule 11 did not require that a district court issue an order to show cause when

acting *sua sponte* regarding Rule 11 sanctions.

Johnson's complaint was filed on December 30, 1993, shortly after the effective date of the amended version of Rule 11. Among other things, the amended rule now mandates that a motion for sanctions under Rule 11 shall be made separately from other motions. Fed.R.Civ.P. 11(c)(1)(A). The amended Rule 11 also requires that any *sua sponte* action by the district court under the rule be initiated by an order describing the conduct that apparently violates subsection (b) and directing the offender to show cause why it is not in violation. Fed.R.Civ.P. 11(c)(1)(B).

It appears that the imposition of sanctions in this case may have complied with Rule 11 prior to its amendment. However, there is no question that the procedural requirements in force at the time sanctions were imposed were not met. As Johnson claims, and Waddell & Reed properly admits, the inclusion of a request for sanctions as part of Waddell & Reed's memorandum in support of its motion to dismiss obviously does not meet the notice requirement imposed by Rule 11(c)(1)(A).

Thus, in effect, there was no motion for sanctions and the court was left to act on its own initiative if sanctions were to be considered. Also equally apparent is that the district court proceeded under the less formal requirements of the prior Rule 11. It is true that Johnson should have been aware that the imposition of sanctions was a possibility based on both the letter from opposing counsel and the reference to sanctions in the papers filed by Waddell & Reed. Nevertheless, Rule 11 was specifically and clearly amended to add formality to the procedure by which a district court could impose sanctions on its own initiative. Thus, a *sua sponte* action by the district court concerning the imposition of sanctions must include notice and an opportunity to respond. An order from the court must describe the specific conduct which appears to violate Rule 11 and direct the party or counsel to show cause why it has not violated the rule.

■ The formality imposed on district judges when acting on their own initiative under Rule 11(c)(1)(B) was intended to ensure due process. Waddell & Reed briefly argue that "by granting Johnson's Rule 59(e) motion to reconsider the sanctions award, the court below effectively directed Johnson and afforded him the opportunity to show cause why he should not be sanctioned." We therefore turn to the issue of whether the court's review of the imposition of sanctions under Rule 59(e) satisfied the "show cause" requirements of Rule 11(c)(1)(B).

It could be said that Johnson was effectively given notice by the order of March 31 that his continued prosecution of a claim in the absence of federal jurisdiction amounted to sanctionable conduct. Johnson was also given an opportunity to justify that conduct. The problem with such a makeshift procedure employed under Rule 59(e) is that, although the district court provided a kind of notice and an opportunity to respond, this occurred after sanctions had been imposed and while they remained in effect. Johnson's opportunity to brief the sanctions issue was an after-the-fact effort to convince the district court to set aside the sanctions it had already determined were appropriate. Such a procedure complies with neither the letter nor the spirit of Rule 11(c)(1)(B), which requires notice and an opportunity to respond before sanctions are imposed. If, on the other hand, the district court had vacated the procedurally defective imposition of sanctions through the use of Rule 59(e), it could have then followed the show cause requirements mandated by Rule 11(c)(1)(B) and made a fresh determination regarding the imposition of sanctions against Johnson.

■ We review the imposition of Rule 11 sanctions for an abuse of discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 2135–36, 115 L.Ed.2d 27 (1991); *Bisciglia v. Kenosha Unified School Dist. No. 1*, 45 F.3d 223, 226 (7th Cir.1995). In this case the procedure mandated for a district court's imposition of sanctions on its own initiative was not followed. The use of Rule 59(e) in this case was insufficient to correct the defective application of Rule 11. Thus, the district court abused its discretion by declining to apply the procedure required

by Rule 11(c)(1)(B) and letting stand its imposition of sanctions against Johnson.[3]

We therefore REVERSE the decision of the district court and VACATE the imposition of sanctions against Wayne Johnson.

---

3. It should also be noted that where sanctions are imposed under Rule 11(c)(1)(B) by the district judge on his own initiative, Rule 11(c)(2) provides that payment of sanctions may be directed only to the court as a penalty. Here, the district judge awarded sanctions in the sum of $500 payable to Waddell & Reed and the sum of $300 payable to the United States of America. Even if the "show cause" procedure of Rule 11 had been followed, the portion of the award of sanctions payable to Waddell & Reed would nevertheless have been improper.