UNITED STATES COURT OF APPEALS
**Filed 6/6/96**
FOR THE TENTH CIRCUIT

SAID M. KARARA,

      Plaintiff-Appellant,

v.

ANDREW F. CZOPEK; SHEILA R. DEITZ,

      Defendants-Appellees.

No. 95-1361
(D.C. No. 94-Z-1698)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the district court dismissing his action with prejudice and sanctioning him pursuant to Fed. R. Civ. P. 11. We affirm the dismissal, but reverse as to the Rule 11 sanctions.

Plaintiff commenced a diversity action alleging negligence and misrepresentation by defendants, psychologists plaintiff had consulted to determine whether he had a mental distress claim against a third party. Plaintiff subsequently filed an amended complaint, along with certificates of review, pursuant to Colo. Rev. Stat. § 13-20-602, allegedly signed by Dr. Rosen, a psychologist. Under section 13-20-602(1), a plaintiff is required to file a certificate of review regarding each licensed professional defendant alleged negligent within sixty days of service of the complaint, unless the district court determines there is good cause to permit a longer period of time. The statute further provides that a court shall dismiss the complaint if the plaintiff fails to comply. Colo. Rev. Stat. § 13-20-602(4). Because plaintiff failed to comply with section 13-20-602(1) at the time he served his original complaint, the district court issued an order to show cause why the action should not be dismissed without prejudice. Plaintiff responded to the order to show cause by asserting that (1) the information contained in the amended complaint and its exhibits were the equivalent of certificates of review, (2) the certificates of review were timely filed because he submitted certificates of review the same day he filed the amended complaint and the amended complaint replaced

the original complaint as to the date of filing, and (3) the certificates of review are required only for the negligence cause of action. Thereafter, defendants filed a motion to dismiss, requesting dismissal with prejudice and costs and attorney's fees, for plaintiff's failure to comply with section 13-20-602. Subsequently, they filed a combined supplemental motion to dismiss with prejudice and motion for sanctions pursuant to Rule 11, alleging plaintiff filed false certificates of review. Plaintiff objected to the request for sanctions as not made on a separate document and as not served twenty-one days prior to filing with the court. See Fed. R. Civ. P. 11(c)(1)(A). Due to the alleged falsity of Dr. Rosen's signature on the certificates of review, plaintiff withdrew the certificates.

The district court concluded that the signatures on the certificates of review were not those of Dr. Rosen. Even though plaintiff alleged that he did not know the signatures were false, the court determined that plaintiff should have questioned their authenticity and made reasonable inquiries pursuant to Rule 11(b)(3) before submitting the certificates to the court. Therefore, the court decided sanctions were warranted pursuant to Rule 11(c) and ordered plaintiff to pay defendants' reasonable attorney's fees and costs since the tendering of the alleged certificates of review. Because plaintiff failed to timely comply with section 13-20-602 by filing the necessary certificates of review within sixty days of serving his original complaint, and no good cause was shown for permitting a longer period of time, the court dismissed the action with prejudice.

On appeal, plaintiff first argues that he was not required by Rule 11 or by section 13-20-602 to verify Dr. Rosen's signature on the certificates of review and her signatures on the certificates did not seem suspicious to him. Although verification was not required, the district court found that plaintiff should have investigated Dr. Rosen's signatures on the certificates of review. Plaintiff has failed to prove that this finding was in error, and our review of the record convinces us the finding was appropriate. In any event, plaintiff did not file timely certificates of review, and Colorado law permitted dismissal for failure to do so. See Colo. Rev. Stat. § 13-20-602(4); Martinez v. Badis, 842 P.2d 245, 250-51 & n.5 (Colo. 1992).

Plaintiff next argues that the district court erred in imposing Rule 11 sanctions, because defendants' motion for sanctions was combined with another motion and was not served twenty-one days prior to filing. See Fed. R. Civ. P. 11(c)(1)(A). Also, plaintiff states sanctions were improper because he withdrew the certificates within sixteen days of learning there was a problem with the signatures.

Rule 11(c)(1)(A) provides that "[a] motion for sanctions . . . shall be made separately from other motions or requests . . . ." Furthermore, the motion for sanctions shall not be filed with the court unless after twenty-one days (or such other period as the court sets) after service of the motion on the opposing party the challenged paper is not withdrawn. Id.; see id. advisory committee note to 1993 amendments.

The record shows that defendants did not file a separate motion for sanctions or serve the motion for sanctions on plaintiff twenty-one days before filing it in the district court. The plain language of the rule indicates that these provisions are mandatory. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 391 (1990)(interpreting Rule 11 according to its plain meaning). Because defendants did not comply with these procedural prerequisites, the Rule 11 sanction of attorney's fees and costs cannot be upheld. See Johnson v. Waddell & Reed, Inc., 74 F.3d 147, 151 (7th Cir. 1996); Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995); Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1328-29 (2d Cir. 1995). Accordingly, we conclude the district court abused its discretion in awarding Rule 11 sanctions. See Barrett v. Tallon, 30 F.3d 1296, 1301 (10th Cir. 1994)(abuse of discretion shown if district court ruling is based on erroneous view of law).

Defendants admit the technical requirements of Rule 11 have not been met. They argue, however, that the district court had inherent power to impose sanctions. See Chambers v. Nasco, Inc., 501 U.S. 32, 42-43 (1991). Although we agree that the district court does have the inherent power to impose sanctions, the district court here imposed sanctions pursuant to Rule 11, not pursuant to its inherent power.

Plaintiff's third argument is that the district court should have dismissed his action without prejudice. This argument is conclusory and without merit. Because plaintiff did not timely file certificates of review and the certificates of review he untimely filed were false, we conclude the district court did not abuse its discretion in dismissing with prejudice. See

id. at 44-45; <u>Green v. Dorrell</u>, 969 F.2d 915, 919 (10th Cir. 1992), <u>cert. denied</u>, 507 U.S. 940 (1993).

Plaintiff's final argument is that the district court should have determined whether expert testimony was required to establish a prima facie case of negligence before ordering dismissal. Plaintiff believes the district court may have dismissed meritorious claims that did not require expert testimony or the district court should have permitted him to amend his complaint. We conclude this argument is without merit. The district court implicitly decided expert testimony was required when it issued its order to show cause. <u>Cf.</u> <u>Rosenberg v. Grady</u>, 843 P.2d 25, 26-27 (Colo. Ct. App. 1992)(holding that trial court's orders excusing defendant from filing responsive pleading and refusing to rule on plaintiff's motion to compel discovery until plaintiff complied with section 13-20-602 reflected implicit determination that expert testimony was required)(opinion later modified on denial of rehearing and certiorari denied).

The judgment of the United States District Court for the District of Colorado is AFFIRMED as to the dismissal and REVERSED as to the Rule 11 sanctions. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

6