86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert P.L. LU; Millsite Engineering, Inc., Plaintiffs-Appellants,
v.
John CHI; Sumei Yeh; Roger Hodges; Ruth Kau, Saul Seigel,
Mike Mastro, John B. Taylor; Barger & Wolen, George Turner,
Metropolitan Life Insurance Company, Maria Colmenares, and
Victor Dawahare, Defendants-Appellees.
 No. 94-56664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.*
Decided May 30, 1996.
As Amended Aug. 8, 1996.
 
 Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dismissal of the complaint against Metropolitan Life Insurance Company was correct, because the pleading did not aver that Metropolitan's acquisition of the insurance premiums was wrongful or would constitute unjust enrichment. Calistoga Civic Club v. City of Calistoga, 191 Cal.Rptr. 571, 575-76 (Ct.App.1983). Plaintiffs did not claim that Metropolitan Life was part of the real estate scheme, or that it failed to issue insurance policies in exchange for the premiums.
 
 
 3
 Dismissal of the case against defendants Mastro, Colmenares, and Dawahare was proper, pursuant to the plaintiffs' consent for voluntary dismissal of these defendants.
 
 
 4
 As for the attorneys, Taylor, and Barger & Wolen, plaintiffs failed to state a negligence claim, and could not have. These were not plaintiffs' lawyers, and plaintiffs were not the intended beneficiaries of the lawyers' work, so plaintiffs were not owed a duty of care by the lawyers. Goodman v. Kennedy, 556 P.2d 737, 742-43 (Cal.1976); Fox v. Pollack, 226 Cal.Rptr. 532, 535-36 (Ct.App.1986). Similarly, plaintiffs failed to state a claim for conspiracy because the attorneys did not go beyond their role as advisor or otherwise have any duties to the plaintiffs. Doctor's Co. v. Superior Court (Valencia), 260 Cal.Rptr. 183, 186-88 (Cal.1989). Also, civil conspiracy presupposes an underlying tort and, as explained below, plaintiffs failed adequately to plead fraud, the underlying tort in this case. Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 28 Cal.Rptr.2d 475, 478 (Cal.1994).
 
 
 5
 As to fraud, plaintiffs correctly argue that the duty not to defraud them did not require any privity. The tort of fraud can be committed against a stranger, and does not require as an element that the tortfeasor be in a contractual relationship with the victim. Goodman, 556 P.2d at 745.
 
 
 6
 Nevertheless, averments of fraud must "be stated with particularity." Fed.R.Civ.P. 9. The complaint does not set out "the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Misc. Service Workers, Driver, & Helpers, Teamsters Local # 427 v. Philco-Ford, Corp., 661 F.2d 776, 782 (9th Cir.1981) (footnote omitted); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir.1989). The letter dated August 12, 1992 attached to the complaint is evidence from which an inference might be drawn that Chi communicated with his lawyer rather than directly with plaintiffs in order to keep his whereabouts secret, and that his lawyer might have preserved this secrecy, but this is not enough to support an inference of a false or fraudulent communication at a particular time and place by the lawyers to the plaintiffs. The elements of fraud require a knowingly false communication by the defendant to the plaintiff, and reasonable reliance on that communication by the plaintiff to his detriment. Lazar v. Rykoff-Sexton, Inc., 909 P.2d 981, 984-85 (Cal.1996); Goodman, 556 P.2d at 745-46. These elements were not pleaded with particularity.
 
 
 7
 The Rule 11 sanction must be vacated. The second amended complaint and the motion to dismiss the complaint which included the request for sanctions were both filed after the effective date for the 1993 amendments to Rule 11. For sanctions to be imposed, either a separate motion must be filed or else the court must enter an order describing the conduct and directing the attorney to show cause why sanctions should not be imposed. Fed.R.Civ.P. 11(c)(1)(A), (c)(1)(B). Neither was done in this case. The request for sanctions was included in the motion to dismiss, a method specifically barred by the Rule. Johnson v. Waddell & Reed, Inc., 74 F.3d 147, 151 (7th Cir.1996) (vacating sanctions that were included in a motion to dismiss for failure to comply with 1993 revisions); cf. Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1326-29 (2d Cir.1995) (vacating sanctions for failure to comply with 1993 revisions). The violation of the Rule deprived the plaintiffs and their attorneys of the safe harbor to which they were entitled under Rule 11(c)(1)(A). The district judge recognized this error in subsequent proceedings, but by then the appeal had been filed, and the district court had lost jurisdiction to correct it.
 
 
 8
 Appellees Taylor and Barger & Wolen are not entitled to attorneys' fees under Federal Rules of Appellate Procedure 38 because plaintiffs' appeal was not frivolous.
 
 
 9
 For the remaining defendants, the court had issued an order to show cause why they should not be dismissed for lack of prosecution, and said it would "consider the filing of an answer ... or plaintiffs' request for entry of default."
 
 
 10
 As to Chi and Seigel, plaintiffs had already filed proof of service. In June, in response to an earlier order to show cause, plaintiffs said they were contemporaneously moving for default judgment. They served and attempted to file the motion, but the court rejected their papers because they "lack[ed] memo P + A on all motions--exhibit pages not numbered consecutively on motions for default judgments." Plaintiffs did not refile corrected versions. In response to the second order to show cause, plaintiffs said they would move for default judgment upon the setting of a trial date so that the court could decide the motion at the time of trial. Though not what the court said it would consider, this showed an intent to prosecute the cases to default judgment in a reasonable way, without the need for two trips to the courthouse. The court did not order immediate filing of a motion for default judgment. The dismissal as to Chi and Seigel was therefore an abuse of discretion.
 
 
 11
 As to Yeh and Kau, plaintiffs responded to the earlier order to show cause by demonstrating diligent attempts to effect service, and said they were moving to serve those defendants by publication. Plaintiffs served and attempted to file those motions, but the court rejected them because "lacking memo P + A on all motions--exhibit pages not numbered consecutively on motions for default judgments." Plaintiffs did not refile corrected versions, but the motion did cite the California Code of Civil Procedure section on which plaintiffs relied. Neither a motion for default judgment nor an answer could have been filed if service had not yet been accomplished, and justification had been provided for the failure to effect service. No court order had been violated. The dismissal as to Yeh and Kau was therefore an abuse of discretion.
 
 
 12
 As to Hodges, the response to the order to show cause said that Hodges had filed an answer and a motion to dismiss, which had been denied. Plaintiffs said they had completed discovery and were ready for trial. This was an adequate answer to the order to show cause why the case should not be dismissed for failure to prosecute, so dismissal as to Hodges was an abuse of discretion.
 
 
 13
 As to Turner, the facts regarding failure to prosecute are the same as for Hodges. But the complaint against Turner plainly fails to state a claim upon which relief can be granted, and also fails to plead fraud with particularity. Further prosecution would be futile in light of our analysis regarding the claims against Taylor and Barger & Wolen.
 
 
 14
 We AFFIRM the dismissals of plaintiffs' claims against Metropolitan, Mastro, Colmenares, and Dawahare, Taylor, Barger & Wolen, and Turner. We REVERSE the dismissals of plaintiffs' claims against Chi, Seigel, Yeh, Kau, and Hodges.
 
 
 15
 Because the sanctions were not levied in accordance with the procedural requirements of Rule 11, we VACATE the order granting sanctions.
 
 
 
 *
 This case was submitted on the briefs except to Taylor, Barger and Wolen, wherein oral argument was held
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3