UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLENE DENISE HOWELL,
Plaintiff-Appellant,

v.

No. 98-1402

RENE NESBIT; SUSAN G. CREEKMUIR;
CAROLINAS TELCO FEDERAL CREDIT
UNION,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-97-539-3-MU)

Submitted: May 19, 1998

Decided: June 16, 1998

Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Charlene Denise Howell, Appellant Pro Se. Joseph W. Eason, Sr.,
Christopher J. Blake, MOORE & VAN ALLEN, Raleigh, North Car-
olina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charlene Denise Howell appeals the district court's orders denying her motion to remand and for reconsideration and granting the Defendants' motions for judgment on the pleadings and for sanctions under Fed. R. Civ. P. 11. Howell commenced an action in state court against Carolinas Telco Federal Credit Union and two of its employees under the Privacy Act of 1974,[1] the Right to Financial Privacy Act,[2] North Carolina's Financial Privacy Act,[3] and the United States and North Carolina constitutions. Howell asserted that the Defendants acted unlawfully when they "froze" Howell's account and transferred funds in the account to the IRS in compliance with an IRS notice of levy. On October 28, 1997, the Defendants removed the action to federal district court under 28 U.S.C. § 1441 (1994). We find that Howell filed an untimely notice of appeal from the order denying her motion to remand and granting the Defendants' motion for judgment on the pleadings and accordingly dismiss the appeal as to that order. We also find that awarding sanctions on the Defendants' Rule 11 motion was improper and vacate that order and the order denying Howell's motion for reconsideration and remand to the district court for further proceedings on the sanctions issue consistent with this opinion.

After the action was removed to district court, Howell filed a motion to remand. On November 12, 1997, the Defendants filed a motion seeking judgment on the pleadings. On November 21, 1997, the district court denied Howell's motion for remand and granted the Defendants' motion for judgment on the pleadings. The court also ordered Howell to show cause why she should not be sanctioned.

_____

[1] 5 U.S.C.A. § 552 (West 1994 & Supp. 1998).
[2] 12 U.S.C.A. §§ 3401-3422 (West 1994 & Supp. 1998).

[3] N.C. Gen. Stat. §§ 53B-1- 53B-10 (1995).

2

Meanwhile, on November 20, 1997, the Defendants served upon Howell a motion for sanctions under Fed. R. Civ. P. 11 seeking reasonable costs and attorney's fees, contending that Howell's complaint and subsequent filings were frivolous. The motion was filed with the court twelve days later on December 2, 1997, after the court had granted the judgment on the pleadings. Howell responded by filing an amended complaint which substantially repeated allegations contained in the original complaint, a document titled "error coram nobis" challenging the court's denial of her motion for remand, and a "memorandum to deny motion for sanctions" arguing the merits of her action. The court ordered the Defendants to file a supplemental memorandum regarding the request for costs and fees.

On February 20, 1998, the Defendants filed an affidavit and memorandum asserting that they should be awarded attorney's fees and costs in the amount of $8,472.32. On February 27, 1998, the court granted the Defendants' motion for sanctions in the amount requested in the affidavit and memorandum.

On March 2, 1998, Howell filed a motion for reconsideration of the court's order regarding sanctions. The motion was denied on March 6. On March 13, Howell filed a notice of appeal challenging the court's denial of her motions for remand and reconsideration and granting the Defendants' motions for judgment on the pleadings and Rule 11 sanctions.

Appellant filed an untimely notice of appeal from the order which denied her motion for remand and granted the Defendants' motion for judgment on the pleadings. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The order awarding a judgment on the pleadings is a final order on the merits. See Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir.

3

1996); <u>Fairmont Aluminum Co. v. C.I.R.</u>, 222 F.2d 622, 625 (4th Cir. 1955). A final order is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945). A request for attorney's fees does not affect the finality of the court's decision to dismiss the complaint. <u>See Budinich v. Becton Dickinson & Co.</u>, 486 U.S. 196, 202-03 (1988). Finality was also not affected by the fact that the November 12 order included a show cause order instructing Howell to state why she should not be sanctioned. <u>See Brown v. Francis</u>, 75 F.3d 860, 864 (3d Cir. 1996); <u>Turnbull v. Wilcken</u>, 893 F.2d 256, 256-57 (10th Cir. 1990). Furthermore, the order awarding attorney's fees did not affect the running of the period for filing a notice of appeal. <u>See Bernstein v. Menard</u>, 728 F.2d 252, 253 (4th Cir. 1984).

The district court entered its order on November 21, 1997; Howell's notice of appeal was filed on March 13, 1998, which is beyond the thirty-day appeal period. Howell's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal as to the November 21 order. We therefore dismiss the appeal as to that order.

The notice of appeal was timely as to the orders granting the Defendants' motion for Rule 11 sanctions and denying Howell's motion for reconsideration. Thus, we have subject matter jurisdiction to review those two orders.

The decision to order sanctions is reviewed for abuse of discretion. <u>See Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 400-01 (1990). Under Fed. R. Civ. P. 11(c)(1)(A), a motion for sanctions should first be served upon the offending party and should not be filed in the court unless, "within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." If the movant fails to serve the offending party within the "safe harbor" period of twenty-one days prior to filing a motion for sanctions with the court, sanctions should be denied. <u>See Elliott v. Tilton</u>, 64 F.3d 213, 216 (5th Cir. 1995); <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1329 (2d Cir. 1995). This provision is an "absolute requirement." <u>Ridder v. City of Springfield</u>, 109 F.3d

4

288, 296 (6th Cir. 1997), <u>cert. denied</u>, ___ U.S. ___, 66 U.S.L.W. 3445, 66 U.S.L.W. 3455 (U.S. Jan. 12, 1998) (No. 97-559); <u>see also</u> <u>Elliott</u>, 64 F.3d at 216 (Rule 11 procedures are"mandatory").

In <u>Ridder</u>, the court held that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day `safe harbor' period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention. Quite clearly then, a party cannot wait until after summary judgment to move for sanctions under Rule 11." <u>Ridder</u>, 109 F.3d at 297. Advisory committee notes to Rule 11 state that a "party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)."

In the instant case, Howell was served with the Rule 11 motion the day before the court dismissed the case on the Defendants' motion. Thus, Howell did not have the advantage of the twenty-one day safe harbor provision. We find the court abused its discretion by awarding sanctions without following the procedural requirements of Rule 11. <u>See Johnson v. Waddell & Reed, Inc.</u>, 74 F.3d 147, 151-52 (7th Cir. 1996) (court abuses its discretion when it does not follow the procedures of Rule 11). Accordingly, the February 27 order granting the Defendants' Rule 11 motion and the March 6 order denying Howell's motion for reconsideration of that order should be vacated and the case remanded for further proceedings. <u>See Ridder</u>, 109 F.3d at 297.

On remand, the court may sanction Howell on its own initiative under Rule 11(c)(1)(B). Under this provision of Rule 11, sanctions may not be awarded to the Defendants. <u>See Thornton v. General Motors Corp.</u>, 136 F.3d 450, 455 (5th Cir. 1998); <u>Johnson v. Waddell & Reed, Inc.</u>, 74 F.3d at 152 n.3. On the other hand, when the court sanctions an offending party under this provision of Rule 11, it is under no obligation to provide the offending party with the benefits of the safe harbor provision. <u>See Ridder</u>, 109 F.3d at 297 n.8.

The district court also possesses its own inherent power to sanction a litigant in addition to or instead of the sanctioning provisions of Rule 11. <u>See, e.g.</u>, <u>In re Weiss</u>, 111 F.3d 1159, 1171 (4th Cir. 1997), <u>cert. denied</u>, ___ U.S. ___, 66 U.S.L.W. 3171, 66 U.S.L.W. 3316, 66

5

U.S.L.W. 3322 (U.S. Nov. 3, 1997) (No. 97-366). Awarding attorney's fees are appropriate under the court's inherent powers if: (1) the party's litigation efforts directly benefit others; (2) a party has willfully disobeyed a court order; or (3) a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. at 44-45; see also United States v. Shaffer Equip. Co., 11 F.3d 450, 461-62 (4th Cir. 1993) (inherent powers to sanction "must be exercised with the greatest restraint and caution, and then only to the extent necessary"). In light of Rule 11, the inherent powers should be used only if the rule does not provide for an appropriate sanction. See Chambers, 501 U.S. at 50.

In the instant case, the court awarded sanctions under Rule 11 after finding Howell's action was frivolous and without basis in law. The court did not specifically find that Howell commenced the action in bad faith. Accordingly, we will not speculate as to whether attorney's fees and costs would be appropriate under the court's inherent powers. See Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991).

For the foregoing reasons, the appeal is dismissed as to the order denying the motion for remand and granting the Defendants' motion for judgment on the pleadings. The orders granting the Defendants' Rule 11 motion and denying Howell's motion for reconsideration are vacated and the case is remanded to the district court for further proceedings consistent with this opinion regarding sanctions under Rule 11(c)(1)(B) or the court's inherent powers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART, VACATED IN PART, AND REMANDED

6