**Milos J. JIRICKO, M.D., Plaintiff,**

v.

**MOSER AND MARSALEK, P.C., Defendant.**

**No. 4:98CV1893 CDP.**

United States District Court, E.D. Missouri, Eastern Division.

March 1, 1999.

---

Milos J. Jiricko, Rockville, MD, for plaintiff pro se.

Robyn G. Fox, Joseph H. Mueller, Moser and Marsalek, St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

PERRY, District Judge.

This matter is before the Court on defendant's motion to dismiss plaintiff's amended complaint and its motion for protective order. Plaintiff has styled his response to the motion to dismiss as a motion to strike. For the reasons set forth below, the Court finds the motion to dismiss to be well taken, and will grant it and deny the motion to strike. The Court will also deny defendant's motion for protective order. However, pursuant to Federal Rule of Civil Procedure 11, the Court will order plaintiff to show cause why he has not violated the rule and why appropriate sanctions should not be imposed against him.

### I. Background

In February 1991, plaintiff filed a complaint in the United States District Court for the Southern District of Illinois, naming as defendants, among others, Illinois Anesthesia, Ltd., and Leonard R. Becker, whom plaintiff identified as Illinois Anesthesia's sole shareholder and president. *Jiricko v. Coffeyville Memorial Hosp. Med. Center,* 628 F.Supp. 329 (D.Kan.1985) ("*Jiricko I* "). The complaint was prepared and filed by Lakin & Herndon, P.C. ("the Lakin Law Firm") plaintiff's counsel at that time.

In count five of that complaint, plaintiff alleged conversion, claiming that Illinois Anesthesia and Becker had billed and collected money for services rendered by plaintiff. On July 2, 1991, the Honorable William D. Stiehl of the Southern District granted Illinois Anesthesia's motion to dismiss count five, pursuant to Rule 12(b)(6), Fed.R.Civ.P., and gave plaintiff thirty days within which to file an amended complaint.

In August 1991, the Lakin Law Firm informed plaintiff that it planned to withdraw from its representation of plaintiff. Thereafter, the firm filed a motion to withdraw, and, following a hearing, Judge Stiehl entered an order granting the motion on January 2, 1992. In that order, the judge gave plaintiff thirty days to either (1) obtain new counsel and have that counsel enter his or her appearance, or (2) enter his appearance *pro se.* Judge Stiehl also cautioned plaintiff that failure to comply with the order might result in the dismissal of his case for failure to prosecute.

After plaintiff failed to comply with the January 2, 1992, order, Judge Stiehl dismissed plaintiff's case for failure to prosecute. Plaintiff took an appeal, challenging not only the dismissal but also the district court's earlier dismissal of count five and the court's granting leave for the Lakin Law Firm to withdraw. On August 27, 1993, the Court of Appeals for the Seventh Circuit affirmed in an unpublished order, *Jiricko v. Illinois Anesthesia, Ltd.,* 4 F.3d 996, 1993

WL 326697 (7th Cir.1993) (referenced in a "Table of Decisions Without Reported Opinions" at 4 F.3d 996, 1993 WL 326697), and imposed sanctions upon plaintiff in the amount of $675.00 for filing frivolous motions during the course of the appeal.

On June 10, 1993, plaintiff filed a second lawsuit in the Southern District of Illinois, *Jiricko v. Lakin & Herndon, P.C.,* No. 93–398 WDS ("*Jiricko II*"). In *Jiricko II,* plaintiff brought suit against the Lakin Law Firm and several of its attorneys, raising the following three claims: (1) defendants defrauded him by inadequately representing him in *Jiricko I;* (2) defendants committed malpractice by failing to file a response to the motion to dismiss the conversion count in *Jiricko I* and by failing to file an amended complaint in that action; and (3) defendants converted the materials contained in his legal file. Attorneys Brian R. Plegge and Patrick J. Horgan represented the defendants in *Jiricko II,* and filed a motion for summary judgment on their behalf. On September 19, 1994, Judge Stiehl granted defendants' motion. With respect to plaintiff's claims of fraud and malpractice, the judge found that plaintiff's claim for conversion in *Jiricko I* was defeated "not because defendants failed to file an amended complaint, but rather because plaintiff failed to prosecute his claims." *Jiricko v. Lakin & Herndon, P.C.,* No. 93–CV–398–WDS (S.D.Ill. Sept. 19, 1994), slip op. at 6. Judge Stiehl stated, "At the time the cause of action was dismissed, no ruling had been made on the merits of the conversion claim, and although technically dismissed, plaintiff could have attempted to amend the complaint to renew this claim." *Id.* The judge found that no genuine issue of material fact existed concerning plaintiff's conversion count because defendants had "clearly shown that plaintiff had access to [his] files." *Id.* at 7.

Plaintiff again appealed, and the Seventh Circuit again affirmed in an unpublished order. *Jiricko v. Lakin & Herndon, P.C.,* No. 94–3344, 1995 WL 623825 (7th Cir. Nov. 15, 1995) (referenced in a "Table of Decisions Without Reported Opinions" at 69 F.3d 539),

*cert. denied,* 517 U.S. 1137, 116 S.Ct. 1423, 134 L.Ed.2d 547 (1996). The court of appeals found that because Judge Stiehl granted the Lakin Law Firm's motion to withdraw in January 1992, no attorney-client relationship existed between the firm and plaintiff at the time of the "final dismissal" of the conversion claim in June of that year. 1995 WL 623825 at *1. The court thus concluded that plaintiff himself was responsible for the dismissal. Finally, the court, on its own motion, gave plaintiff fourteen days within which to show cause why it should not impose sanctions for filing a frivolous appeal. *Id.* at *2. Plaintiff did not respond to the order to show cause, and the court then issued an order prohibiting plaintiff from filing "any papers in any federal court in the Seventh Circuit, excluding criminal and habeas corpus proceedings," unless he first filed a motion for leave to file attaching certain specified documents, including a sworn affidavit "certifying that the matters raised in the proposed filing are not frivolous and have not been raised by him in prior suits." *Jiricko v. Lakin & Herndon, P.C.,* No. 93–398 (7th Cir. Jan. 11, 1996), slip order at 1–2.

Following the Seventh Circuit's January 11, 1996, order, plaintiff commenced a new action, this time in the Eastern District of Missouri. *Jiricko v. Plegge,* 4:97CV1787 ERW ("*Jiricko III*"). In *Jiricko III,* plaintiff, proceeding *pro se,* named as defendants Plegge and Horgan (i.e., the two lawyers who represented the defendants in *Jiricko II*), and Judge Stiehl, and charged that the three conspired to defraud him of his fundamental constitutional rights, wrongfully deprived him of his right to due process and his right to a jury trial, and denied him the equal protection of the laws. Plaintiff based those claims on the following two facts: (1) Plegge and Horgan filed the summary judgment motion in *Jiricko II;* and (2) Judge Stiehl granted the motion.

The defendants in *Jiricko III* filed a motion to dismiss, and on March 25, 1998, the Honorable E. Richard Webber, to whom the case was assigned, held a hearing on that motion.[1] On April 8, 1998, Judge Webber

---

1. Plaintiff, Joseph H. Mueller, an attorney for Plegge and Horgan, and Joseph B. Moore, an Assistant United States Attorney, appeared at the hearing.

entered an order dismissing plaintiff's complaint with prejudice. The judge found that Judge Stiehl was immune from suit, *Jiricko v. Plegge*, No. 4:97CV1787 ERW (E.D.Mo. Apr. 8, 1998), slip op. at 5, and that Plegge and Horgan did not deprive plaintiff of any constitutional rights by submitting a successful motion for summary judgment. *Id.* at 6. The Eighth Circuit affirmed the dismissal in an unpublished order.[2] *Jiricko v. Plegge*, No. 98–2096, 1998 WL 761897 (8th Cir. Nov. 3, 1998).

On November 12, 1998, plaintiff filed this lawsuit against Moser & Marsalek, P.C., the law firm where Plegge and Horgan work. Plaintiff's complaint alleges that by filing the motion for summary judgment in *Jiricko II*, defendant and its officers breached their common law duty to plaintiff "to fully regard his rights and property" and engaged in a "malicious act." The complaint further charges that defendant and its officers colluded and conspired with Judge Stiehl in *Jiricko II* to deprive plaintiff of his constitutional rights.

## II. *Discussion*

### A. Defendant's Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.; see also Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ In its motion to dismiss, defendant argues that plaintiff's complaint is barred by res judicata. Under that doctrine, "a final judgment on the merits bars further claims by parties or their privies based on the same

cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir.1998). Res judicata consists of two preclusion concepts: "issue preclusion" and "claim preclusion." The former refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. The latter refers to a judgment's effect in foreclosing litigation of a matter that has never been litigated, because of a determination that it should have been raised in an earlier suit. *Tyus v. Schoemehl*, 93 F.3d 449, 453 n. 5 (8th Cir. 1996) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)), *cert. denied*, 520 U.S. 1166, 117 S.Ct. 1427, 137 L.Ed.2d 536 (1997). Whether a party in the later suit may be said to be in privity, for res judicata purposes, with a party in the earlier suit depends on whether their interests are "adequately congruent." *Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 827 (8th Cir. 1989).

■ The Court finds that the requirements for res judicata's operation have been met in this case. Although couched in somewhat different terms, the claims that plaintiff raises here are essentially the same as those raised in *Jiricko III*. That is, they all relate to alleged wrongdoing by the lawyers in the filing of a summary judgment motion by the defendants in *Jiricko II*. *See United States v. Gurley*, 43 F.3d 1188, 1199 (8th Cir.1994) ("Whether the present action is the 'same cause of action' as the prior action depends on whether it 'arises out of the same nucleus of operative facts as the prior claim.'") (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir.), *cert. denied*, 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990)), *cert. denied*, 516 U.S. 817, 116 S.Ct. 73, 133 L.Ed.2d 33 (1995). There is no question that the *Jiricko III* court had jurisdiction, and that its order of dismissal "operate[d] as a rejection of ... plaintiff's claims on the merits." *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir.1995). Finally, although Moser and Marsalek, P.C., the defendant in this case, was not named as

---

2. On December 21, 1998, the court of appeals denied plaintiff's petition for rehearing and peti-

tion for rehearing *en banc*. The mandate issued on January 5, 1999.

a defendant in *Jiricko III*, the Court notes that two of that firm's lawyers, that is Messrs. Plegge and Horgan, were sued in that case. That their interests may be deemed "congruent" is, in the Court's view, not a debatable issue. The Court will grant defendant's motion.

### B. *Defendant's Motion for a Protective Order*

Defendant has also moved for entry of a protective order similar to that issued against plaintiff by the Seventh Circuit in *Jiricko v. Lakin & Herndon, P.C.*, No. 93–398 (7th Cir. Jan. 11, 1996). Defendant argues that such an order is needed in order to forestall plaintiff from "continu[ing] his practice of filing frivolous claims." The Court finds defendant's proposal to be premature, and believes it should proceed under Federal Rule of Civil Procedure 11.

Subdivision (b) of Rule 11, Fed.R.Civ.P., states, in pertinent part, that by presenting a pleading to the court, an unrepresented party is certifying that to the best of his knowledge, information, and belief, he is not doing so for any improper purpose, such as harassment, and that the claims and legal contentions contained in that pleading "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." If a court believes that a party has violated subdivision (b), it may enter an order describing the specific conduct that appears to violate the subdivision of the Rule and direct the party to show cause why the described conduct does not constitute such a violation. Rule 11(c)(1)(B), Fed.R.Civ.P.; *see Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 151 (7th Cir.1996). If, after giving that party notice and a reasonable opportunity to respond, the court may impose a monetary or other sanction, "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Rule 11(c)(2), Fed.R.Civ.P.

After a thorough review of the record, the Court believes that plaintiff may have filed this lawsuit for the sole purpose of harassing defendant. Buttressing the Court's belief is the fact that this case comes on the heels of a suit involving the same set of facts brought by plaintiff against defendant's employees. That suit, as explained above, was dismissed as meritless. Plaintiff offers no argument as to why he believes if he had sued defendant here in that earlier action (i.e., *Jiricko III* ), a different result would have obtained. In sum, plaintiff appears to be attacking defendant merely because its lawyers represented parties whom he sued in another lawsuit.

The Court also is of the opinion that the claims raised by plaintiff are warranted neither by existing law nor by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Plaintiff seems to believe that any person who files a complaint is thereby automatically entitled to a trial by jury, and that a defendant's filing of a summary judgment motion gives rise to a cause of action. However, the filing of summary judgment motions is part of the ordinary practice of law, and Rule 56(c), Fed.R.Civ.P., specifically provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The United States Supreme Court long ago declared that summary judgment, applied properly, does · not violate the Seventh Amendment. *Fidelity & Deposit Co. v. United States ex rel. Smoot*, 187 U.S. 315, 319–21, 23 S.Ct. 120, 47 L.Ed. 194 (1902). While a court generally affords *pro se* filings a liberal construction, a litigant's *pro se* status does not excuse him from reading the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). This is especially true in plaintiff's case, for he is both an educated individual, and, as the record indisputably shows, an experienced litigant.[3]

---

**3.** The Court notes that in addition to litigating in     this district and the Southern District of Illinois,

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [# 8–1] is granted, and that plaintiff's motion to strike defendant's motion to dismiss [# 13] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for protective order [# 8–2] is denied.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing, no later than *March 26, 1999,* why his conduct in filing this lawsuit has not violated Rule 11, Fed.R.Civ. P., and why appropriate sanctions should not be imposed. The Court warns plaintiff that no extension of that deadline will be granted.

Although the Court is granting the motion to dismiss, it will direct the Clerk not to enter judgment in this matter at this time. The Court will retain jurisdiction and will enter a separate judgment only after the sanctions issue is resolved.

**W.G.A., Plaintiff,**

v.

---

plaintiff has also been involved in litigation in the federal district court in Kansas. *See Jiricko v. Coffeyville Memorial Hosp. Med. Ctr.,* 700 F.Supp. 1559 (D.Kan.1988); *Jiricko v. Coffeyville Memorial Hosp. Med. Ctr.,* 628 F.Supp. 329, 333 (D.Kan.1985).