UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

| | |
|---|---|
| In re: C. RABON MARTIN, | No. 00-5035 |
| | (D.C. No. 00-AP-1-H) |
| Appellant. | (N.D. Okla.) |

---

ORDER
Filed October 12, 2000

---

Before **BRORBY, PORFILIO,** and **MURPHY** , Circuit Judges.

---

This matter is before the court on appellant's motion to correct our order and judgment dated September 18, 2000. The motion is granted. A copy of the amended order and judgment, with a corrected footnote three, is attached.

Entered for the Court
Patrick Fisher, Clerk of Court

By:

Keith Nelson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: C. RABON MARTIN,

      Appellant.

No. 00-5035
(D.C. No. 00-AP-1-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, PORFILIO,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant C. Rabon Martin, an attorney, appeals from an order of the district court imposing sanctions on him pursuant to 28 U.S.C. § 1927. We reverse.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Martin was retained to represent Albert Pike Ballew, who was facing criminal charges in federal court. After consulting with Mr. Martin, Mr. Ballew entered a guilty plea to a drug count in exchange for the government's agreement to dismiss a gun count that would have added five years to his sentence.

Mr. Martin was present at the plea hearing but did not appear at sentencing. At sentencing, Mr. Ballew complained about Mr. Martin's representation. He stated that Mr. Martin had underestimated the sentencing guidelines and that he would not have pled guilty had he known he was facing thirty years' imprisonment on the charges. The court permitted Mr. Ballew to withdraw his plea [1] and, citing 28 U.S.C. § 1927, [2] discharged Mr. Martin from the case. The court further ordered Mr. Martin to return all monies he had been paid within ten days of the hearing, seven days of the filing of the written order.

---

[1] Mr. Ballew later reentered his guilty plea and was sentenced to 312 months.

[2] An attorney becomes subject to § 1927 sanctions "by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law. . . . Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care."

Braley v. Campbell, 832 F.2d 1504, 1511 (10th Cir. 1987) (quoting In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1985)). Mr. Martin contends that the court did not have the power under § 1927 to order him to reimburse all funds received. We need not address whether the sanction was properly imposed pursuant to § 1927 or under the court's inherent "far-reaching and potentially drastic contempt and disciplinary powers." Id. at 1510 n.5.

Mr. Martin failed to return the funds as ordered by the court. The court then referred the matter to a three magistrate judge en banc panel to conduct a hearing for the purpose of determining whether Mr. Martin should be held in civil contempt for failing to comply with the sanctions order. Mr. Martin filed an objection to the sanctions order and requested an opportunity to be heard with regard to the imposition of sanctions. The court referred Mr. Martin's motion to the en banc panel.

Following the hearing, the court entered an order holding Mr. Martin in contempt of court. The court continued its order that Mr. Martin disgorge all funds received from Mr. Ballew's mother and further prohibited Mr. Martin and his firm from representing any new clients before the district court until Mr. Martin had complied with the original sanction. [3] The court held that Mr. Martin had received all the process due him as he had had a hearing before the en banc panel.

On appeal, Mr. Martin argues that the district court violated his due process rights as the sanctions were imposed without notice and a hearing. He notes that his failure to appear in court at his client's sentencing was due to medical reasons. He contends the court abused its discretion in entering the

---

[3] Mr. Martin has also been suspended for a minimum of two years by the Chief Judge for the Northern District of Oklahoma.

order based solely on Mr. Ballew's allegation that Mr. Martin had incorrectly advised him as to the possible guideline range. Mr. Martin maintains that, as his representation did not amount to ineffective assistance of counsel, no sanctions could be ordered. Mr. Martin posits that the court abused its discretion in banishing his employees from accepting employment in the district until the sanction is paid. Lastly, Mr. Martin states that because he could not disgorge the funds, the court abused its discretion in finding him in civil contempt. As we resolve this appeal based on Mr. Martin's first argument, we do not address his remaining issues.

> It is a venerable principle in our law that "the power of the court should never be exercised without notice to the offending party of the grounds of complaint against him, and affording him ample opportunity of explanation and defense. This is a rule of natural justice, and is as applicable to cases where a proceeding is taken to reach the right of an attorney to practice his profession as it is when the proceeding is taken to reach his real or personal property."

Braley, 832 F.2d at 1514 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 354-55 (1871)); cf. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980) ("Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.").

Thus, while

> [d]ue process is a flexible concept, and the particular procedural protections vary, depending upon all the circumstances, [t]he basic requirements of due process with respect to the assessment of costs,

-4-

expenses, or attorney's fees are notice that such sanctions are being considered by the court and a subsequent opportunity to respond.

Braley, 832 F.2d at 1514 (citations omitted).

When a court imposes sanctions sua sponte, "due process is satisfied by issuance of an order to show cause why a sanction should not be imposed and by providing a reasonable opportunity for filing a response." Id. at 1515. After considering the reasons the attorney proffers to justify his actions, the court may enter an order memorializing its decision to reject or impose sanctions. See id.; cf. Johnson v. Waddell & Reed, Inc., 74 F.3d 147, 151 (7th Cir. 1996) (a court's decision to give counsel an after-the-fact opportunity to convince it to set aside an order imposing sanctions "complies with neither the letter nor the spirit of" Fed. R. Civ. P. 11).

The only exception to this general rule may be for extreme misconduct occurring in open court, in the presence of the judge. See In re Ruffalo, 390 U.S. 544, 550 (1968); but see Ex parte Robinson, 86 U.S. (19 Wall.) 505, 512-13 (1873) (cases may exist showing such gross and outrageous conduct in open court as to justify very summary proceedings for an attorney's suspension or removal from office, "but even then he should be heard before he is condemned").

Here, Mr. Martin was not before the court when the sanctions were imposed. He had no notice and no opportunity for a hearing until after the order was entered. Further, he had no real after-the-fact hearing as that hearing was

primarily concerned with obtaining facts so the court could determine whether to hold Mr. Martin in contempt for failing to comply with the original order. Mr. Martin did not receive the process to which he was entitled.    [4]

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and the award of sanctions is VACATED. The matter is remanded for further proceedings.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[4]    Our review of the record discloses no factual support for the reasoning employed by the district court in imposing sanctions. To the contrary, it fully appears a pre-sanction hearing would have provided the court with ample explanations of Mr. Martin's actions, and thus made clear to the court sanctions were not warranted.