F I L E D
**United States Court of Appeals
Tenth Circuit**

**APR 4 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

THOMAS R. HUTCHINSON, as
Personal Representative of the Estate
of Robert W. Hutchinson, deceased,

Plaintiff-Appellant,

v.

RICHARD PFEIL; MARY JO PFEIL,

Defendants-Appellees.

_____

JOAN GODLOVE,

Attorney-Appellant.

No. 98-5245
&
99-5019

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 92-CV-1088-E)**

---

Submitted on the briefs:

Glen R. Beustring of Glenn R. Beustring and Associates, and Joan Godlove and
Todd Alexander of Tulsa, Oklahoma, for Appellant.

Lewis N. Carter of Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa,
Oklahoma, for Defendants-Appellees.

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

**MURPHY**, Circuit Judge.

Plaintiff Thomas R. Hutchinson and counsel Joan Godlove appeal from an order imposing sanctions under Fed. R. Civ. P. 11.[1] The district court directed them, jointly and severally, to pay a $5,000 penalty to defendants, and indefinitely enjoined Ms. Godlove from filing proceedings on behalf of clients in the Northern District of Oklahoma without a co-counsel, who must be furnished copies of certain sanction orders issued against her in this and other litigation. Appellants raise several, primarily procedural, objections to the Rule 11 sanctions imposed. For reasons explained below, we vacate the sanction order and remand for further proceedings consistent with this opinion.[2]

---

[1] The underlying action, and a discovery sanction dispute, have already been concluded in favor of defendants. *See Hutchinson v. Pfeil*, 105 F.3d 562 (10th Cir.), *cert. denied*, 522 U.S. 914 (1997); *Hutchinson v. Pfeil*, No. 98-5043, 1999 WL 1015557 (10th Cir. Nov. 9, 1999) (unpublished).

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

**Procedural Chronology**

During the summer of 1993, discovery disputes arose between the parties, which the district court referred to the magistrate judge. In December 1993, the magistrate judge issued an order which, among other things, imposed discovery sanctions on appellants under Fed. R. Civ. P. 37(a)(4). The judge concluded the order with a "Certification of Record and Recommendation for Consideration of Additional Sanctions," noting that additional sanctions, under Rule 11 and 28 U.S.C. § 1927, "may be appropriate." Appellants' Appendix (App.) I at 145-46. Consistent with the inconclusive character of that observation, however, the judge did not recommend the actual imposition of sanctions, only that they be considered by the district court, after proper notice and hearing. *Id.* at 146. The district court did not immediately act upon this suggestion. [3]

After prevailing on summary judgment, defendants filed a motion for attorney fees under § 1927. [4] Proceedings on this and other matters were stayed pending plaintiff's appeal from summary judgment, which was affirmed in

---

[3]     The magistrate judge "further recommended that the record as certified first be referred to this court's Committee on Admissions and Grievances for investigation and advisory recommendations." Appellants' App. I at 146-47. There is no indication on the record that such a referral was made.

[4]     Defendants also relied on Okla. Stat. tit. 12, § 936 (allowing attorney fees as costs in actions on contract). This statutory claim, abandoned on appeal, does not impact our analysis and, for simplicity, we often refer to defendants' motion as one for fees under § 1927.

January 1997. At this court's direction, *see Hutchinson*, 105 F.3d at 566, the district court then returned its attention to the magistrate judge's 1993 discovery order. Noting that no additional sanctions had been awarded, the district court limited its review to the discovery sanction imposed under Rule 37(a)(4). Its February 1998 order affirming that sanction was recently affirmed by this court. *See Hutchinson*, No. 98-5043, 1999 WL 1015557.

In the meantime, the parties proceeded with briefing on defendants' motion for attorney fees, addressing its stated legal bases, 28 U.S.C. § 1927 and Okla. Stat. tit. 12, § 936. The district court formally set the motion for hearing by a minute order with no reference to Rule 11 or the magistrate judge's earlier recommendation about consideration of additional sanctions. However, the scheduled hearing opened with the following exchange about the subject matter to be heard:

> THE COURT: Well, this morning we have a hearing on an appeal from an order for sanctions, certification of record and recommendation of the United States magistrate in case number 92-C-1088-E, Hutchinson versus Pheil [sic], et al; you're looking as though you are surprised.
>
> [PLAINTIFF'S COUNSEL]: Yes, Your Honor, I am. I thought this was on the limited issue of potential liability under section Title 12, 936, as well as Section 28, USC, 1927.
>
> THE COURT: I hadn't even addressed the issue of bifurcation, I was simply addressing what is to be heard, and this is an appeal from the order of the magistrate, and we're going to first address the entitlement issue on the sanction.

Appellant's App. II at 682.  There followed considerable discussion regarding the

matter under review, with (1) plaintiff's counsel stating their understanding that

liability for fees pursuant to defendants' motion under § 1927 and § 936 was at

issue; (2) defendants' counsel agreeing with that view, but insisting that the

motion also incorporated the magistrate judge's prior recommendation; and

(3) the court stating that only the issue of entitlement, not amount, was under

consideration.  *See id.* at 682-89.  Two days of hearings ensued, focused on the

appropriateness of an award of fees as a sanction under § 1927.  The court then

continued the matter, indicating again that defendants' entitlement to fees, not the

issue of amount, was all that was then under consideration.  *See* Appellant's App.

III at 918.

The hearings resumed a month later.  At that time, the district court

summarized the matter under review with more elaboration, referring to sanctions

and disciplinary proceedings beyond the scope of defendants' § 1927 motion,

though not specifically citing to Rule 11:

> See if we can all agree what is at issue before us.  The Court
> has previously affirmed the magistrate's imposition of [discovery]
> sanctions.  What we're really deciding here is whether there should
> be an expansion of those sanctions, and, in addition, whether there
> should be a reference to a court committee of the charged conduct of
> the attorneys, and whether there should be imposition of an
> attorneys' fee award from really the beginning of this case.  Those
> are the only issues we have to address.
>
> . . . .

-5-

> The sanction issue was really raised by the magistrate in his order, the idea of imposition of additional sanctions, and that's an issue beyond the issue of attorneys' fees.

Appellants' App. III at 978-79; *see also id.* at 1022-23 (reiterating same "very serious matters" faced by Ms. Godlove in the proceedings). The court heard additional testimony and, on the following day, oral arguments were presented.

Four months later, the district court issued a decision. It held that the case had not been entirely frivolous, denied defendants request for $158,039 in fees under § 1927 and § 936, and decided "the more appropriate course would be to levy sanctions pursuant to Fed .R. Civ. P. 11." Appellants' App. II at 670. As noted earlier, the court ordered Ms. Godlove and Mr. Hutchinson to pay a $5,000 penalty to defendants and, relying on decisions from this circuit imposing filing restrictions on recalcitrant litigants, significantly limited Ms. Godlove's privilege to practice in the Northern District of Oklahoma. Defendants moved to clarify and alter or amend the judgment to increase the amount of the award. While that motion was pending, Ms. Godlove filed a notice of appeal (No. 98-5245). The district court ultimately denied defendants' motion, and a new notice of appeal (No. 99-5019) was filed jointly by Ms. Godlove and Mr. Hutchinson. [5]

---

[5] We note that, as the latter notice was timely and effective for purposes of both appellants, *see* Fed. R. App. P. 4(a)(4)(A)(iv), Ms. Godlove's initial, redundant appeal may be dismissed as moot.

Appellants raise numerous objections to the Rule 11 sanctions imposed. It would not be productive to summarize here all of the issues argued on appeal. Because we hold that the sanction order must be vacated for certain procedural reasons, we need not address many of the contentions raised.

## Sua Sponte Consideration of Rule 11 Sanctions

As outlined above, defendants sought attorney fees under 28 U.S.C. § 1927; they did not move for sanctions under Rule 11. This selectivity had an understandable basis in self-interest: in keeping with its "ultimate goal of deterrence, rather than compensation," Rule 11 "de-emphasizes monetary sanctions and discourages direct payouts to the opposing party." [6] *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997); *see* Rule 11(c)(2) (authorizing order for payment of "some or all" of moving party's fees only if "warranted for effective deterrence"). Further, as the motion was filed subsequent to summary judgment, long after disposition of the interlocutory disputes cited as sanctionable conduct, reliance on Rule 11 would have been untimely and in violation of the

---

[6]    We note our analysis and disposition are driven primarily by provisions of Rule 11 added by amendment effective December 1, 1993. While the complaint was filed prior to that date, the bulk of the proceedings, which concluded in 1998, took place afterward, placing the case squarely within the Supreme Court's direction to apply the amendments "insofar as just and practicable, [to] all proceedings in civil cases then pending." *Ridder*, 109 F.3d at 296 (quotation omitted); *see also Elliott v. Tilton*, 64 F.3d 213, 215-16 (5th Cir. 1995).

rule's twenty-one day "safe harbor" provision, *see* Rule 11(c)(1)(A), which is intended "'to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention.'" *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997) (quoting *Elliott*, 64 F.3d at 216); *see Ridder*, 109 F.3d at 294-95, 297 (discussing history of "safe harbor" provision and holding Rule 11 motion filed after summary judgment ineffective); *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (reversing Rule 11 sanction imposed on motion filed after dismissal of sanctionable pleading).

We may still review the district court's order as an exercise of its authority to impose sanctions *sua sponte* under Rule 11(c)(1)(B). *See Barber*, 146 F.3d at 711 ("'safe harbor' provision applies only to sanctions imposed upon motion of a party," and "[n]othing in the Rule or the history of the 1993 amendments prevents the district court from [imposing sanctions on its own initiative] after judgment"); *Elliott*, 64 F.3d 216 (noting Rule 11(c)(1)(B) contains no "safe harbor" provision). This alternative view of the district court's action, however, has significant analytical and procedural consequences. For one thing, Rule 11(c)(2) prohibits a court acting on its own initiative from ordering payment of a monetary penalty to an opposing party. *See Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 94 (2d Cir. 1999); *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 152 n.3 (7th Cir. 1996). The district court's order obligating Ms. Godlove

and Ms. Hutchinson to pay a $5,000 penalty to defendants was, therefore, in excess of its authority under Rule 11(c)(1)(B).

More fundamentally, however, Rules 11(c), 11(c)(1)(B), and 11(c)(2)(B) prescribe a procedure to be followed when the district court imposes any Rule 11 sanction on its own initiative: issuance of a show cause order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how she has not violated the rule. The courts have held this procedure to be mandatory, with noncompliance constituting an abuse of discretion requiring reversal. *See, e.g.*, *L. B. Foster Co. v. America Piles, Inc.*, 138 F.3d 81, 89-90 (2d Cir. 1998); *Thornton v. General Motors Corp.*, 136 F.3d 450, 454-55 (5th Cir. 1998); *Johnson*, 74 F.3d at 151-52. The district court did not comply with these specific Rule 11 requirements.

Defendants contend that, any formal noncompliance with Rule 11(c) notwithstanding, fundamental due process concerns of notice and opportunity to be heard were satisfied when the magistrate judge "recommended the imposition of sanctions pursuant to Rule 11." *See* Appellees' Br. at 16. It is at least arguable that the procedure for matters referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) [7] might, in appropriate circumstances, effectively satisfy the

---

[7] We note there is some disagreement whether a magistrate judge may only recommend Rule 11 sanctions under §636(b)(1)(B) and Fed. R. Civ. P. 72(b)

(continued...)

due process concerns informing the Rule 11(c) procedural requirements discussed above. *But cf. Johnson* , 74 F.3d at 151-52 (reconsideration of sanction through Rule 59(e) process "was insufficient to correct [procedurally] defective application of Rule 11"). There are, however, two distinct considerations which undercut that conclusion here.

First, the district court had not referred the matter of Rule 11 sanctions to the magistrate judge, who was authorized at the time only to hear pending discovery disputes. Second, the magistrate judge did not, in any event, actually recommend the *imposition* of Rule 11 sanctions; he merely noted that sanctions might be appropriate and recommended that they be considered . Appellant's App. I at 146. This inconclusive, noncommittal suggestion was clearly not a reviewable ruling on, or recommendation for, such a sanction. *See Montalvo v. Hutchinson* , 837 F. Supp. 576, 582 (S.D.N.Y. 1993) (statement by magistrate judge implying rule violation and indicating sanction might be imposed in future

---

[7](...continued)
subject to de novo review by the district court, or may actually order such sanctions as a nondispositive pretrial matter under § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) subject to more deferential appellate-type review. *See Alpern v. Lieb* , 38 F.3d 933, 935 (7th Cir. 1994) (discussing cases). This court has not decided the question, though we have recognized that magistrate judges may order nondispositive *discovery* sanctions. *See Hutchinson* , 105 F.3d at 566; *Gomez v. Martin Marietta Corp.* , 50 F.3d 1511, 1519-20 (10th Cir. 1995). The magistrate judge used the language of "recommendation" here. In any event, our subsequent analysis of the inconclusive character of his action obviates any need to resolve the § 636 question in this case.

insufficient to invoke district court review); *see Sack v. Huggins*, No. 94-7068, 1995 WL 225248 at **2 (10th Cir. Apr. 7, 1995) (statement by district court regarding conduct that might justify future sanction did not constitute ruling sufficient to confer standing for appeal) (unpublished). Indeed, as a practical matter, it is obvious from the transcript of the fee hearing, conducted five years later, that the magistrate judge's recommendation had not provided adequate notice that the functional equivalent of a Rule 11 show cause order was pending in the case.

Defendants also argue that appellants had the benefit of "an open-ended hearing within which to respond to the claims against them," and insist that this afforded them sufficient notice and opportunity to be heard on their liability for Rule 11 sanctions. Appellees' Br. at 17. However, "[p]roviding the [sanctioned party] with an opportunity to mount a defense 'on the spot' does not comport with due process." *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1292 (5th Cir. 1991). Holding that notice at the hearing itself was adequate would effectively nullify the show cause procedure specifically added to the rule by the 1993 amendments. And, far from giving effective Rule 11 notice to appellants, the pending § 1927 motion actually diverted attention elsewhere. As discussed *infra*, § 1927 differs from Rule 11 in standards, procedure, and punitive scope. Consequently, the pursuit of sanctions under one of these provisions does not

constitute notice for purposes of the other. *See, e.g.*, *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96-97 (2d Cir. 1997); *Zuk v. Eastern Pa. Psychiatric Inst.*, 103 F.3d 294, 298 (3d Cir. 1996); *see also* Rule 11(c)(1)(A) (requiring that "motion for sanction under this rule shall be made separately from other motions or requests").

Even if there might be exceptional circumstances in which actual notice and a real opportunity to be heard could substitute for the formal procedures specified in Rule 11(c), this case does not present such circumstances. On the contrary, the focus of the fee proceeding was unclear from the start and did not sharpen substantially during the first two days of hearings. At some point in the second two-day hearing a month later, it became evident that sanctions beyond those sought in defendants' fee motion were implicated. Nevertheless, it was still not clear that the nature and severity of such sanctions were then under consideration. Furthermore, counsel was not on notice that professional discipline of the sort ultimately imposed was immediately threatened. [8] *See*

---

[8] Indeed, there is some question whether the professional discipline ultimately meted out by the district court is even authorized under Rule 11. *See Thornton*, 136 F.3d at 455 (vacating order suspending counsel from practice, and holding that "when a district court finds that a disciplinary sanction more severe than admonition, reprimand, or censure under Rule 11 is warranted, it should refer the matter to the appropriate disciplinary authorities"). The district court relied on cases from this circuit approving filing restrictions for vexatious litigants, but "[a] vexatious litigant order . . . is distinguishable from an order that limits an

(continued...)

-12-

Appellants' App. III at 978 (district court's comments at hearing implying court would refer matter to disciplinary committee in event professional discipline were deemed necessary).

In short, the procedure in this case "complie[d] with neither the letter nor the spirit of Rule 11(c)(1)(B), which requires notice and an opportunity to respond before sanctions are imposed." *Johnson*, 74 F.3d at 151. While we express no opinion regarding appellants' ultimate liability for any particular sanction under Rule 11, we must reverse the penalties imposed.

**Alternative Bases for Sanctions Imposed**

Defendants urge us to rely on § 1927 as an alternative basis to affirm the district court's Rule 11 order. The district court, however, expressly denied defendants' motion for fees under § 1927, and they did not cross-appeal that ruling. While "an appellee may defend the judgment won below on any ground

---

[8](...continued)
attorney's right to file pleadings on behalf of a client, i.e., to practice his or her profession." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197-99 (9th Cir. 1999) (reversing order limiting counsel's right to file certain matters in district, because district's specific rules for imposition of professional discipline had not been followed). In discussing the deterrent function of sanctions, this court has said "[i]t is particularly inappropriate to use sanctions as a means of driving certain attorneys out of practice. Such decisions are properly made by those charged with handling attorney disbarment and are generally accompanied by specific due process provisions to protect the rights of the attorney in question." *White v. General Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990).

supported by the record without filing a cross-appeal," *Tinkler v. United States ex rel. FAA*, 982 F.2d 1456, 1461 n.4 (10th Cir. 1992), defendants effectively seek to reverse a ruling lost below in the guise of an alternate-ground affirmance. *Cf. Barber*, 146 F.3d at 708-09, 711-12 (illustrating proper cross-appeal by party whose request for sanctions under § 1927 was denied when district court awarded Rule 11 sanction instead). A party may not circumvent the obligation to cross-appeal an adverse decision simply by rearguing the matter in connection with another, favorable ruling. Further, significant substantive and procedural differences exist between Rule 11 and § 1927, and the latter, which deals with counsel's liability for excessive costs, does not authorize the monetary penalty imposed on Mr. Hutchinson or the filing restrictions imposed on Ms. Godlove. *See generally Ted Lapidus, S.A.,* 112 F.3d at 96; *Zuk,* 103 F.3d at 297.

Alternatively, defendants contend the Rule 11 order may be affirmed as an exercise of the district court's inherent authority to sanction a party or attorney who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quotation omitted). This inherent power, like the authority provided by § 1927, is not governed by the same standard which controls under Rule 11. As a result, appellate courts have declined to affirm Rule 11 sanctions on such alternative grounds. *See, e.g.*, *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058-59 (7th Cir. 1998);

-14-

*United States v. International Bhd. of Teamsters*, 948 F.2d 1338, 1345-47 (2d Cir. 1991); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991). This court has also refused to rely on an inherent authority rationale when "the district court . . . imposed sanctions pursuant to Rule 11, not pursuant to its inherent power." [9] *Karara v. Czopek*, No. 95-1361, 1996 WL 330260, at \*\*2 (10th Cir. June 6, 1996) (reversing Rule 11 sanction and refusing to review for permissibility under unexercised inherent authority) (unpublished). We must be especially cautious in invoking inherent authority to cure a procedurally defective Rule 11 order, "lest . . . the restrictions in [Rule 11] become meaningless." *Corley*, 142 F.3d at 1059 (quotation omitted). Finally, while reliance on inherent authority would not implicate the specific procedural prerequisites of Rule 11(c), general concerns about notice and opportunity to be heard would still be raised on this record in any event. *See generally Chambers*, 501 U.S. at 50 (noting court

---

[9] In contrast, we relied on inherent authority to affirm a § 1927 fee award in *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995), which just reflects the common substantive ground these sources of sanctioning power share in distinction from Rule 11. *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (§ 1927 and inherent authority turn on same subjective standard and "only meaningful difference" is "that awards under § 1927 are made only against attorneys"); *see also Dreiling v. Peugeot Motors of Am.*, 768 F.2d 1159, 1164-65 (10th Cir. 1985) ("Section 1927 is a natural outgrowth of the inherent authority of a court to assess costs and attorney's fees . . . against a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (quotation omitted)). Further, § 1927 and inherent authority do not involve particular procedural prerequisites, nor do they share Rule 11's reliance "on the presence of a [signed] paper," *Ted Lapidus, S.A.*, 112 F.3d at 96.

must "exercise caution in invoking its inherent power, and it must comply with the mandates of due process.").

## Conclusion

The initial appeal (No. 98-5245) filed by Ms. Godlove is DISMISSED as moot.  Pursuant to our review of the second appeal (No. 99-5109), the order of the United States District Court for the Northern District of Oklahoma imposing Rule 11 sanctions is VACATED, and the cause is REMANDED for further proceedings consistent with this opinion.