FILED
United States Court of Appeals
Tenth Circuit

September 19, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

SARA ALLEN,

       Attorney-Appellant.

No. 06-1429
(D.C. No. 02-CV-00997-JLK-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Attorney-Appellant Sara Allen, counsel for plaintiffs in a 28 U.S.C. § 1983 suit, appeals the district court's imposition of a monetary sanction against her pursuant to Federal Rule of Civil Procedure 11. The district court granted summary judgment in favor of defendants in the § 1983 action. It then directed the magistrate judge to consider whether sanctions were appropriately assessed against Ms. Allen for filing a frivolous suit. Following a hearing, the magistrate judge recommended the imposition of a $3,000 sanction against Ms. Allen under

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rule 11(c)(1)(b). The district court adopted that recommendation. We conclude that the district court did not abuse its discretion in imposing sanctions against Ms. Allen under Rule 11.

## I. BACKGROUND

The record on appeal submitted by Ms. Allen does not include the complaint, or any of the pleadings, motions, or responses in the underlying litigation. Thus, the following summary is taken from the district court orders. As relevant to this appeal, plaintiff Elizabeth Flores retained Ms. Allen to file a § 1983 civil rights lawsuit.[1] Ms. Flores alleged that she and her children were removed from her residence because of her race and in violation of her civil rights, and she named as defendants the municipality of Log Lane Village, Colorado, and many of its employees and elected officials in their official and individual capacities. The defendants moved for summary judgment. Plaintiff's first response was rejected because it did not comply with the district court's instructions concerning summary judgment motions. The next response relied entirely on an affidavit by plaintiff, and made no mention of her deposition testimony. The magistrate judge struck this affidavit, finding that it was a "sham

---

[1]     Ms. Flores and her children were all named plaintiffs, but for convenience, we refer only to Ms. Flores as the plaintiff. The original complaint also included numerous other plaintiffs who alleged claims unrelated to Ms. Flores's claims; these claims were settled or dismissed prior to the disposition of Ms. Flores's claims and are not relevant to this appeal.

affidavit," submitted in an attempt to create "sham" issues of fact. The magistrate judge noted that the affidavit completely ignored, and at times differed from or contradicted, plaintiff's deposition testimony.

## A. First Report and Recommendation

The magistrate judge issued a report and recommendation (the R&R) that summary judgment be granted in favor of defendants, concluding that Ms. Flores had presented no factual basis for the bringing of the lawsuit. The magistrate judge found that the undisputed evidence was as follows: A Department of Human Services investigator, not named as a defendant, conducted a home welfare check of Ms. Flores's home, accompanied by two defendants, the Log Lane Village Mayor and Chief of Police. Ms. Flores allowed the three to enter her home. The investigator determined that Ms. Flores's home was unsafe, filthy, open to the elements, and not habitable, particularly by young children. This decision was made solely by the investigator; no evidence was presented that any defendant had any personal participation in this decision. Ms. Flores agreed to leave the residence, and she voluntarily signed a "safety plan" agreement with the Department of Human Services, in which she agreed to leave the home, place the children in another home, make repairs to her residence, and not allow anyone into the home until it was brought up to code.

The magistrate judge concluded that plaintiff had pointed to no evidence in the record that would even tend to satisfy her burden, in light of the defendants'

qualified immunity defense, to show that (1) the actions of the defendants violated any federal constitutional or statutory right, and (2) that such right was clearly established. As noted, plaintiff and her children left voluntarily and by signed agreement, and there was no evidence suggesting any personal participation by any defendant in the events at issue, an essential element of a § 1983 claim against individual defendants. Plaintiff admitted in her deposition that she had no facts to support her claim that she was removed because of her race. Finally, the magistrate judge found no evidence to support plaintiff's claim that Log Lane Village had a policy, custom or practice of condoning warrantless entries into homes. Thus, it recommended summary judgment be granted in favor of defendants. The district court adopted the recommendation to grant summary judgment in favor of defendants.

### B. Procedural Background of the Rule 11 Sanction

In its R&R, the magistrate judge recommended that the defendants be awarded their fees and costs under 43 U.S.C. § 1988, to be assessed against Ms. Allen "because plaintiff's case always was groundless and frivolous." Aplt. App. at 18. In support of this recommendation, the magistrate judge stated that the undisputed evidence, always in possession of plaintiff and her counsel, demonstrated that plaintiff left her home voluntarily and by signed agreement with a non-defendant, and that plaintiff failed to show that the allegations in her

-4-

complaint were supported by any credible evidence or that any credible evidence ever existed that would support a claim against defendants.

The district court found that plaintiff failed to adduce any evidence or competent legal theory in support of her claims against defendants, and that her claims were "frivolous and groundless and should not have been made or pursued on the facts - existing or lacking - demonstrated in the record." *Id*. at 42. It declined to award fees under § 1988. Nevertheless, it found that the groundless suit was "a failure principally of [Ms. Allen] to engage in any serious or meaningful research" before initiating the suit. *Id*. Thus, it referred the sanction issue back to the magistrate judge for consideration of whether fees should be assessed against counsel under Rule 11(c) or 28 U.S.C. § 1927.[2] The district court stated that if the magistrate judge recommended a sanction under Rule 11, the recitation of misconduct in the R&R could be incorporated by reference for purposes of providing notice under Rule 11(c)(1)(B). *Id*. at 42. The magistrate judge did issue an order to Ms. Allen to show cause why an award of fees should not be assessed against her under Rule 11(c)(1)(b), and as support, it cited to the R&R.

Ms. Allen filed a response and a motion to dismiss the show cause order. She contended, in part, that attorney fees could only be paid under Rule 11 by

---

[2] Sanctions were never recommended under § 1927.

appropriate motion by opposing counsel, and could not be awarded under Rule 11 *sua sponte* by the court. The magistrate judge conducted an evidentiary hearing on the show cause order. Ms. Allen did not include a transcript of that hearing in her record on appeal. Following the hearing, the magistrate judge ordered supplemental briefing as to whether it could impose sanctions under Rule 11(c)(1)(B), to be paid to the court, rather than attorney fees paid to defendants, and whether the legal analysis of a sanction differed from an attorney fee award.

Following supplemental briefing, the magistrate judge concluded that there was some ambiguity in the case law as to whether attorneys' fees could be *sua sponte* awarded by the court under Rule 11(c)(1)(B), but that the Rule 11(c)(1)(B) sanction could be paid to the court. It recommended a sanction of $3,000 be imposed on Ms. Allen under Rule 11(c)(1)(B), paid into the court. As support, it first cited the district court's prior ruling that plaintiff "fail[ed] to adduce any evidence or competent legal theory to support her claims against Defendants," which the district court characterized as "a failure principally of her counsel to engage in any serious or meaningful research to support any cause of action." Aplt. App. at 42, 105. Based on the testimony at the Rule 11 hearing, the magistrate judge concluded that Ms. Allen did not conduct objectively reasonable research prior to filing suit and had not demonstrated an objective basis for the claims presented in the case. *Id.* at 105. Following consideration of Ms. Allen's objections, the district court adopted that recommendation.

## II. ANALYSIS

Ms. Allen raises six issues on appeal: (1) she did not violate Rule 11; (2) the court failed to follow the procedural requirements of Rule 11; (3) she was denied procedural due process; (4) the court failed to apply the proper standard; (5) the court failed to make findings of fact; and (6) the court exceeded its jurisdiction. We review each contention in turn, below, although in a slightly different order than presented by Ms. Allen.

### A. Standard of Review

We review a district court's decision to impose Rule 11 sanctions against an attorney for abuse of discretion. *Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006), *petition for cert. filed*, 75 USLW 3623 (U.S. May 9, 2007) (No. 06-1490). "However, any statutory interpretation or other legal analysis which provides the basis for the award is reviewable de novo." *Corneveaux v. CUNA Mut. Ins. Group*, 76 F.3d 1498, 1508 (10th Cir. 1996) (citations and quotation omitted).

### B. Merits

A violation of Rule 11 occurs when a pleading is presented for any improper purpose; contains claims or contentions not warranted by existing law or by a nonfrivolous argument for extension or reversal of existing law; contains allegations or factual contentions that lack evidentiary support; or contains denials of factual contentions that are not warranted on the evidence. Rule

11(b)(1)-(4). *See also Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006), *cert. denied*, 127 S.Ct. 2043 (2007). Rule 11(c)(1)(B) provides that, "[o]n its own initiative, the court may enter an order describing the specific conduct that appears to violate [Rule 11(b)] and directing an attorney, law firm, or party to show cause why it has not violated" the rule. A sanction imposed under Rule 11 "may consist of, or include . . . an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Rule 11(c)(2).

### 1. Jurisdiction

Because it may be dispositive, we first address the jurisdictional challenge. Ms. Allen asserts that, following its grant of summary judgment to defendants, the district court had jurisdiction only over the specific issue in its referral to the magistrate judge, which she narrowly frames as consideration of a sanction under Rule 11 payable as attorney fees. Because the magistrate judge ultimately recommended the Rule 11 sanction be paid into court, not as attorney fees to defendants, Ms. Allen contends the magistrate judge exceeded the scope of the referral and, consequently, the district court lacked jurisdiction to impose the sanction. We can find no basis in the law to support this argument.

The Supreme Court has consistently held that federal courts retain jurisdiction over issues, such as sanctions, that are collateral to the merits, even

after the underlying litigation has terminated. In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), it held:

> It is well established that a federal court may consider collateral issues after an action is no longer pending. . . . Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

Id. at 395-96 (citations omitted). In *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992), the Court held that, even where a federal court lacked subject matter jurisdiction over the underlying action, it retained jurisdiction to impose Rule 11 sanctions for abuses of the judicial process.

Ms. Allen cites no authority, nor can we find any, for her assertion that a district court that chooses to refer a postjudgment sanction issue to a magistrate judge for initial consideration and recommendation, somehow loses jurisdiction to impose a sanction if the resulting recommendation was not squarely described in the referral order. Moreover, the district court rejected Ms. Allen's argument (albeit without discussion) that the magistrate judge's recommendation had exceeded the scope of its referral order. The district court's referral order referenced Rule 11(c), the legal basis of the magistrate judge's recommendation and the court's ultimate sanction. Ms. Allen suggests no substantive legal difference under Rule 11 between a sanction paid into court and a sanction paid to

defendant as attorney fees. *See* Rule 11(c)(2) (stating that sanction under Rule 11 may include penalty paid into court or, by motion, an order directing payment to the movant of reasonable attorneys' fees). In short, the referral order directed the magistrate judge to make a recommendation as to whether Ms. Allen engaged in conduct sanctionable under Rule 11, the magistrate judge did so, and we conclude that its recommendation that the resulting sanction should properly be paid to the court under Rule 11(c)(1)(B), rather than to the defendants, is well within the scope of the referral.

## 2. Fact Finding

Ms. Allen claims that the district court failed to make factual findings. To the contrary, the magistrate judge's Rule 11 recommendation, adopted by the district court, clearly made the factual finding, based on the evidentiary hearing, that Ms. Allen had not conducted an objectively reasonable inquiry into the law or the facts of the case prior to filing suit, and had not demonstrated an objective basis for the claims presented in the case. Aplt. App. at 105.

## 3. Violation of Rule 11

Ms. Allen challenges the finding that she violated Rule 11. She does not, however, provide an adequate record on appeal to permit appellate review of this claim. As noted, the record on appeal does not include the complaint, the

summary judgment pleadings and exhibits,[3] or the transcript of the Rule 11

hearing.[4]  Absent these documents, this court cannot review the district court's

findings that Ms. Allen failed to present any evidence or competent legal theory

in support of her complaint, and failed to engage in objectively reasonable

research prior to initiating the suit.  *See Scott v. Hern*, 216 F.3d 897, 912

(10th Cir. 2000) (court must affirm when evidentiary record before appellate

court is insufficient to permit an assessment of appellant's claim of error);

*United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993) (holding that failure

to file transcript precludes review of evidentiary rulings or claims concerning

sufficiency of the evidence).  We therefore affirm the district court's substantive

findings that Ms. Allen's conduct violated Rule 11.

### 4.  Procedural and Due Process Challenges

Ms. Allen asserts several procedural and due process claims challenging the

sanction; we consolidate these for review.  Although Rule 11(c)(1)(B) does

authorize a court to impose monetary sanctions on its own initiative, it may not

do so without first following the prescribed procedure:  "issuance of a show cause

---

[3]     She does include what she asserts is plaintiff's affidavit, but it is neither
signed nor attached to any summary judgment pleading.

[4]     Ms. Allen completed a transcript order form and the court reporter
complied with her obligation to complete and file the transcript with the district
court, *see* 10th Cir. R. 10.1(B) and (C), but Ms. Allen never filed that transcript
with this court as part of her record on appeal, *see* 10th Cir. 10.1(A) and
30.1(A)(1).

order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how she has not violated the rule." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000).

Ms. Allen first contends that, because the order to show cause mentioned an sanction paid to defendant as attorneys' fees under Rule 11(c)(1)(B), not a sanction paid into court, the show cause order did not satisfy Rule 11(c)(1)(B)'s requirements and she was denied due process. We disagree; the show cause order provided her adequate notice under Rule 11(c)(1)(B). The order to show cause referenced Rule 11(c)(1)(B), which was, as previously noted, the legal basis of the magistrate judge's recommendation and the court's ultimate sanction. Rule 11(c)(2) states that the nature of the Rule 11 sanction may include either a sanction paid into court or a sanction paid to the opposing party in payment of attorneys' fees. Although there are procedural differences,[5] we find no substantive legal difference between a Rule 11 sanction paid into court and a Rule 11 sanction paid to the opposing party for its attorneys' fees and costs. Because the analysis of whether Ms. Allen's conduct was subject to sanction under the rule

---

[5] We have held that "Rule 11(c)(2) prohibits a court acting on its own initiative from ordering payment of a monetary penalty to an opposing party." *Hutchinson*, 208 F.3d at 1184 (citing cases). A court-initiated sanction may be paid only to the court. *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 152 n.3 (7th Cir. 1996).

was the same, the order to show cause was entirely sufficient to enable Ms. Allen to prepare a defense. *See L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 89 (2d Cir. 1998) (stating that party to be sanctioned is "entitled to notice of the provision under which sanctions are sought, in order that he be forewarned as to the standard under which his conduct is to be evaluated."). Furthermore, and most significantly, the magistrate judge gave Ms. Allen full notice and opportunity to respond to the proposed change of ordering the proposed sanction be paid into court rather than to defendants: it notified her of the proposed change at the Rule 11 hearing and allowed her to file a supplemental brief addressing this precise issue before recommending a sanction. Ms. Allen had still further opportunity to defend against the sanction in her objections to the recommendation. Thus, we find that the sanction award did not violate Rule 11(c)(1)(B)'s procedural requirements or Ms. Allen's due process rights.

Second, Ms. Allen contends the show cause order did not comply with the requirement in Rule 11(c)(1)(B) to describe the specific conduct that appears to violate Rule 11, and thus, violated her due process rights. We disagree. The district court's referral order made clear that it was considering sanctions under Rule 11 because Ms. Allen had failed to "engage in any serious or meaningful research to support any cause of action" before she signed and filed the complaint. Aplt. App. at 42. It authorized the magistrate judge to issue a show cause order incorporating by reference the wrongdoing outlined in the initial

-13-

R&R. *Id*; *see also Clark*, 460 F.3d at 1008 (upholding Rule 11(c)(1) order to show cause that incorporates the summary judgment orders detailing the court's objections to counsel's conduct). The order to show cause first cited to the R&R, though it did not use the "incorporate by reference" phrase. The R&R had expressly recommended a sanction be imposed on Ms. Allen because the "case never had any factual or legal basis." Aplt. App. at 20. The show cause order further described the specific conduct said to violate Rule 11, namely, the district court's finding that the "claims are frivolous and groundless and should not have been made or pursued on the facts - existing or lacking - demonstrated in the record." *Id*. at 44 (quoting district court order, *id*. at 42). Thus, the referral order and order to show cause clearly informed Ms. Allen that sanctions were being considered against her on the basis that she signed the complaint in this case without conducting a reasonable inquiry into the law and facts underlying the pleading or motion. *See* Rule 11(b).

Moreover, the record demonstrates that, in response to the Rule 11 show cause order, Ms. Allen presented a defense on precisely that ground. She argued in her Rule 11 pleadings that she had conducted what she believed to be a reasonable inquiry into the law and facts. And, although Ms. Allen failed to provide a transcript of the Rule 11 hearing, it is clear from the magistrate judge's description of the hearing that the subject of that hearing was the research and investigation into the evidence and applicable law that Ms. Allen conducted prior

-14-

to signing the complaint. Thus, we conclude that the order to show cause did inform Ms. Allen of the specific conduct for which the sanctions were being sought such that she was able to prepare a defense.

### 5. Rule 11 Standard

Finally, Ms. Allen contends that the district court applied the incorrect standard of review because the Rule 11 sanctions apply only to sanctionable conduct at the time an attorney signs the pleading, motion or other paper, *see* Rule 11(b), yet the initial R&R recommended sanctions under § 1988 based on Ms. Allen's conduct throughout the litigation. This claim of error completely ignores (1) the subsequent district court referral order, which rejected the § 1988 recommendation and cited instead Ms. Allen's "failure . . . to engage in any serious or meaningful research" before initiating suit, Aplt. App. at 42, and (2) the finding in the magistrate judge's subsequent recommendation, based on the Rule 11 hearing, that Ms. Allen failed to conduct an objectively reasonable inquiry into the law or the facts prior to signing the complaint, *id*. at 105. Clearly, the magistrate judge and district court applied the correct Rule 11 standards.

### III.  CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge