**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JASON WRIGHT,

      Plaintiff,

v.

COMPGEEKS.COM, a California
corporation, doing business as
Computer Geeks,

      Defendant-Appellee,

_____

RUSSELL A. CLINE,

      Attorney-Appellant.

No. 09-4020
(D.C. No. 2:08-CV-00409-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, PORFILIO,** and **O'BRIEN**, Circuit Judges.

---

Plaintiff Jason Wright and appellant Russell A. Cline, his attorney, filed

this appeal to challenge the district court's November 6, 2009, order dismissing

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Wright's suit and the court's February 13, 2009, order imposing attorneys' fees jointly and severally against Mr. Wright and Mr. Cline under Fed. R. Civ. P. 11. Appellee Compgeeks.com ("Computer Geeks") filed a motion in this court for sanctions against Mr. Wright and Mr. Cline, arguing that the appeal is frivolous on the merits and should be dismissed for that reason. Upon consideration, we have determined that we lack jurisdiction over this appeal, and it is therefore dismissed. We deny the motion for sanctions.

Although Mr. Wright was initially a party to this appeal, he settled with appellee and was dismissed from this appeal on June 10, 2009. At that point, we lost jurisdiction to consider the district court's November 6 merits decision because Mr. Cline is not directly affected by it and lacks standing to appeal it on his own behalf. *See Weeks v. Indep. Sch. Dist.*, 230 F.3d 1201, 1213 (10th Cir. 2000). Mr. Cline has standing to appeal the district court's February 13 order imposing attorneys' fees against him under Rule 11 because he is directly affected by that order, *see Weeks*, 230 F.3d at 1213, but the district court has not yet determined the amount of attorneys' fees to be imposed. As a result, Mr. Cline's notice of appeal was fatally premature as to the attorneys' fees issue, and we lack jurisdiction to review it. It is settled law in this circuit that "[a]n award of attorneys' fees is not final and appealable within the meaning of 28 U.S.C. § 1291 until it is reduced to a sum certain." *Am. Soda LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924 (10th Cir. 2005); *see also N. Am. Specialty Ins.*

*Co. v. Britt Paulk Ins. Agency, Inc.*, 579 F.3d 1106, 1108 n.2 (10th Cir. 2009). This is not a situation where the premature notice of appeal would ripen, because the district court has more left to do than just enter judgment. The Supreme Court has held that Fed. R. App. P. "'4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment.'" *Judd v. Univ. of N.M.*, 204 F.3d 1041, 1043 (10th Cir. 2000) (quoting *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991)).

As for Computer Geeks's motion asking us to impose sanctions against Mr. Wright and Mr. Cline because this appeal is frivolous on the merits, "in the absence of . . . jurisdiction we do not decide whether [the appellant's] arguments are frivolous or well taken." *Okon v. Comm'r*, 26 F.3d 1025, 1027 (10th Cir. 1994) (quotation omitted). Failure to promptly raise jurisdictional issues causes inconvenience for both the court and counsel. We lament counsel's failure to be sufficiently attentive to fundamentals.

The only basis for sanctioning Mr. Cline would be to punish him for pursuing the appeal in the absence of jurisdiction, but that failure was not raised as a ground for sanctions in Computer Geeks's motion for fees and costs. As a result, if we were to impose sanctions, it would have to be sua sponte, and that cannot be done without providing Mr. Cline notice and an opportunity to be heard

-3-

on the ground for sanctions. *See White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 686 (10th Cir. 1990) (stating that "an adequate opportunity to respond to an attorney's fee request requires that the persons to be sanctioned be provided enough detail concerning the basis of the requested fees to permit an intelligent analysis"); *Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir. 1987) (holding that "[o]n those occasions when the court intends to consider . . . sanctions sua sponte, due process is satisfied by issuance of an order to show cause why a sanction should not be imposed and by providing a reasonable opportunity for filing a response"). Although we think the jurisdictional issue is obvious, the failure of both sides to recognize it militates against granting the motion for sanctions under this court's precedent. *See Okon*, 26 F.3d at 1027.

This appeal is DISMISSED, and appellee's motion for sanctions is denied.

Entered for the Court

John C. Porfilio
Circuit Judge