**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JASON WRIGHT,

      Plaintiff,

v.

COMPGEEKS.COM, a California
corporation, d/b/a Computer Geeks,

      Defendant-Appellee,

------------------------------

RUSSELL A. CLINE; CRIPPEN &
CLINE, L.C.,

      Attorney-Appellants.

No. 10-4149
(D.C. No. 2:08-CV-00409-DB)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Russell A. Cline and Crippen & Cline L.C. appeal from the district court's order awarding attorney's fees to CompGeeks.com, a California corporation doing business as Computer Geeks, as a sanction under Fed. R. Civ. P. 11, the local rules, and the court's inherent powers. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the sanction award and remand for further proceedings.

*Background*

The proceedings underlying the sanction began in 2001 when a company calling itself "Computer Geeks, a California corporation" sued Jason Wright in Utah state court for failing to assign a domain name. Mr. Wright did not respond to the company's summary judgment motion, and in May 2006, the state court granted the motion and entered judgment against Mr. Wright for $247,563.68 in damages, punitive damages, and attorney's fees.

Mr. Wright hired Mr. Cline to try to set aside or modify the state judgment. In May 2008, Mr. Cline filed a motion in state court to set aside the judgment. He also filed a separate federal complaint against "Computer Geeks, a California corporation," to set aside portions of the judgment for fraud on the court and unconscionability. He served a copy of the state filing on the company's attorney of record in the state case, and on June 4, 2008, he served a copy of the federal complaint on the registered agent for "Computer Geeks, a California corporation."

As it turns out, "Computer Geeks, a California corporation," is a separate third-party corporation, not the company that held the Utah judgment. Instead,

the judgment creditor's proper name is CompGeeks.com; it is a California corporation doing business under its federal trademark, "Computer Geeks." Mr. Cline was made aware of this issue soon after he served "Computer Geeks, a California corporation," with the federal complaint. In June, the attorney for "Computer Geeks, a California corporation," informed Mr. Cline that it had no interest in the Utah judgment. Further, on July 1 and July 3, the attorney from the state action told him he named the wrong defendant in the federal action.

Nevertheless, when "Computer Geeks, a California corporation," failed to answer the federal complaint, Mr. Cline sought an entry of default. On July 7, Mr. Cline represented to the clerk of the district court that he had properly served "Computer Geeks, a California corporation." The clerk entered a default on July 8. That same day, Mr. Cline moved for a default judgment.

Within a few weeks, however, CompGeeks.com moved to vacate the entry of default. On October 7, 2008, the district court held a hearing on the motion to vacate. While admitting he knew that "Computer Geeks, a California corporation," was not actually the same company who had sued his client in state court, Mr. Cline stated he had properly served the entity that legally was named in the Utah judgment, and therefore was the legal judgment holder. He intended to get the Utah judgment set aside by showing that the only "Computer Geeks, a California corporation" in existence had no interest in the judgment. Therefore,

he argued, he intended to sue "Computer Geeks, a California corporation" in the federal action, not CompGeeks.com, and the default was proper.

After summarizing the undisputed facts that Mr. Wright knew who had sued him in state court, that CompGeeks.com was a California corporation that had done business as "Computer Geeks" since 1995, and that Mr. Cline knew before seeking the default that "Computer Geeks, a California corporation" was not actually involved in the Utah action, the court found Mr. Cline filed a frivolous action in violation of Rule 11, the local rules, and the Utah rules of professional responsibility. "There was no legitimate basis for seeking the setting aside of the Provo action by suing an entity that Mr. Cline, and his client, for that matter, knew had nothing to do with the prosecution of the case in Provo." Aplt. App. at 117. The court granted the motion to vacate the entry of default and dismissed the federal case as frivolous. It announced it would refer Mr. Cline to the court's disciplinary committee. And it further awarded attorney's fees to CompGeeks.com, making Mr. Cline and Mr. Wright jointly and severally liable for the award. The court directed CompGeeks.com's attorney to submit a form of order including the fee award.

On October 17, 2008, Mr. Cline moved to vacate the award of attorney's fees. He argued that because the court had not issued a show-cause order before the hearing, it could not sua sponte order monetary sanctions. He also stated, "[w]here the Court proceeds sua sponte under Rule 11, the Court is 'without

authority to award attorney fees.'" Motion to Vacate Rule 11 Sanction Awarding Attorney's Fees at 3, *Wright v. Computer Geeks*, No. 2:08-CV-409 (D. Utah Oct. 17, 2008), ECF No. 16 (quoting *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004)).

The motion to vacate was followed by a written order filed on November 6, 2008, in which the court found "Plaintiff advertently served the wrong party in a blatant display of gamesmanship and poor judgment." Aplt. App. at 9. The court continued, "Even after being notified by Defense Counsel on July 1, 2008 that he had served the wrong party, Plaintiff's attorney continued to pursue his erroneous claim of default, going so far as to file a motion for default judgment in which he represented to the court that service had been properly conducted." *Id.* But while this written order reaffirmed the vacatur of the entry of default and the dismissal of the case, it did not discuss sanctions (contrary to the court's directive at the October 7 hearing). Instead, on the same day, the court also issued a separate order stating:

> The Court hereby notifies the parties of a status conference to be held on December 4, 2008, at 1:00 p.m. This status conference will be for the purpose of giving Plaintiff's counsel the opportunity to defend his actions with regard to filing the instant lawsuit and obtaining a default certificate therein. This is essentially the same subject matter that was discussed at the motion hearing held on October 7, 2008. The court will hear argument on and determine whether Plaintiff's and Plaintiff's attorney's conduct in this matter warrants the imposition of sanctions and the award of attorney's fees.

Notice and Order at 1, *Wright*, No. 2:08-CV-409 (D. Utah Nov. 6, 2008), ECF No. 21.

On November 20, 2008, Mr. Wright, through Mr. Cline, moved under Fed. R. Civ. P. 59(e) to alter or amend the November 6 dismissal order. The motion again argued Mr. Cline's position that "Computer Geeks, a California corporation," was the proper defendant in the federal action because it was the Utah judgment holder. The motion further asserted that neither Mr. Wright nor Mr. Cline knew CompGeeks.com was the real party in interest until July 31, 2008, when CompGeeks.com's attorney moved to vacate the entry of default.

The hearing eventually was held on December 18. At the hearing, the court stated,

> It was my belief, and I think it should have been clear to everyone at the last hearing, that the entire nature of the discussion last time was to inquire and give Mr. Cline a chance to explain why he had done what he did. . . . Then to get Mr. Cline's motion, I thought in the exercise of caution, and to make sure that Mr. Cline knew he had an opportunity to come in here and defend himself and explain himself, and to show cause, if any there is, why he should not be sanctioned as the Court did last time.

Aplt. App. at 126-27. Mr. Cline reiterated he was not aware that "Computer Geeks, a California corporation," was a separate company until its lawyer contacted him in June 2008, and that he did not know of CompGeeks.com's identity until July 31. When the court directed him to "tell me why you feel that you were justified to bring a lawsuit against an entity that you knew didn't obtain

-6-

a judgment against your client in Provo," *id.* at 140, Mr. Cline responded, "[t]he party that I sued was the named judgment creditor in the Fourth District Court action. That is who it was. In my opinion, whether that was the intended party or not, that was the judgment creditor," *id.* at 141. "After I filed [the federal action], I knew that ["Computer Geeks, a California corporation"] did not file this, but I also knew that [CompGeeks.com's counsel] had mistakenly filed an action in the wrong name and obtained a judgment under the wrong name." *Id.* at 142. "Intended or not they were the holder of the judgment. . . . I was entitled to rely on how the judgment was entered." *Id.* The court noted this was exactly the argument that Mr. Cline had submitted at the October 7 hearing.

After reviewing the chronology and again hearing from Mr. Cline, the court stated it was "unconscionable" that Mr. Cline proceeded with the default after hearing from CompGeeks.com's counsel. *Id.* at 164. "The order is clear now. You have had your order to show cause opportunity. The sanctions are warranted." *Id.* at 165. The court awarded CompGeeks.com all fees for "everything that [CompGeeks.com] was required to do . . . to respond to this improper, unfair, uncivil and inappropriate and unethical filing in Federal Court. It is groundless. You can't sue an entity that you know, that you know is not the entity that got the judgment in Provo. You just can't do it. . . . A clear, rational thinking, fair lawyer wouldn't do that." *Id.* at 166. At the conclusion of the hearing, the court vacated and reentered the sanctions order in an oral ruling.

By written order dated February 12, 2009, the court denied the motion to alter or amend the November 6 dismissal order. Concluding that the "lawsuit violated both Rule 11 and the ethical rules of this Court and the Rules of Professional Responsibility within the State of Utah," it reaffirmed the sanctions order "pursuant to Federal Rule of Civil Procedure 11 and the local rules and inherent powers of the Court" and made Mr. Wright, Mr. Cline, and Mr. Cline's law firm jointly and severally liable for the award.[1] *Id.* at 10-11. Ultimately, the court set the amount of the sanction at $39,612.

### *Analysis*

We review a Rule 11 sanction for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405.

Contrary to Mr. Cline's argument on appeal, the district court's fundamental determination that Mr. Cline's behavior warranted sanctions was not an abuse of discretion. It was, and is, utterly meritless for Mr. Cline to argue that he was justified in knowingly pursuing a federal default judgment against an

---

[1] Mr. Wright and Mr. Cline immediately appealed the February 12 order. The appeal became moot as to Mr. Wright, and we held that it was premature as to Mr. Cline since the district court had not yet set the amount of the sanction award. *See Wright v. Compgeeks.com*, 357 F. App'x 979, 980 (10th Cir. 2009).

unrelated third party, rather than the party who litigated against his client in state court. Nevertheless, we must conclude that the district court abused its discretion in sua sponte awarding attorney's fees to CompGeeks.com under Rule 11.

The relevant section of Rule 11 states that a "sanction may include nonmonetary directives; an order to pay a penalty into court; or, *if imposed on motion* and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Rule 11(c)(4) (emphasis added). In *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000), we stated that this rule "prohibits a court acting on its own initiative from ordering payment of a monetary penalty to an opposing party."[2] It is undisputed that the district court was acting sua sponte in imposing sanctions in this case. Accordingly, as a matter of law, under Rule 11 the court could not order the payment of attorney's fees to CompGeeks.com; it could only order nonmonetary sanctions or a penalty to be paid into court. This error of law necessarily constitutes an abuse of discretion.

In a related issue, Mr. Cline argues that the December 18 hearing was not an adequate opportunity to respond because it occurred after the court had already imposed sanctions. We disagree. The district court implicitly stayed the sanction order by omitting the sanctions issue from the November 6 written dismissal order

---

[2]    *Hutchinson* cites Rule 11(c)(2). In the 2007 amendments to the Federal Rules of Civil Procedure, Rule 11(c)(2) became Rule 11(c)(4). The text was not substantively changed.

and concurrently issuing the show-cause order setting a later hearing. These actions were sufficient to protect Mr. Cline's rights to notice and a prior opportunity to be heard. *See In re Hancock*, 192 F.3d 1083, 1086 (7th Cir. 1999) (concluding that there was a "no-harm, no-foul situation" where the court immediately stayed a sanctions order and scheduled another hearing, and holding that the deprivation of due process at the first hearing was cured by the second hearing). Accordingly, on remand the district court may choose to impose any sanctions allowed by Rule 11 without affording Mr. Cline any additional procedures.

CompGeeks.com points out the sanctions award rests on authorities other than Rule 11 (namely, the local rules and the court's inherent powers). It does not further argue, however, that we should uphold the sanction on any alternative basis. In any event, we are not convinced that this record contains adequate grounds to affirm the imposition of sanctions under these alternative authorities. For example, although the court cannot impose sanctions under its inherent powers without providing notice and an opportunity to respond, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980), it appears that the first mention of the court's inherent powers was in the February 12, 2009, written sanctions order. Notice of possible Rule 11 sanctions does not necessarily also constitute notice of sanctions under the court's inherent powers. *Cf. Hutchinson*, 208 F.3d at 1185 (stating that the pursuit of

sanctions under 28 U.S.C. § 1927 did not constitute notice of possible sanctions under Rule 11). On remand, however, the district court may choose to reimpose monetary sanctions under any relevant authority if it complies with due process and any other requirements applicable to the particular authority.

### *Conclusion*

Although we sympathize with the district court's frustration with Mr. Cline's conduct, Rule 11 does not allow a sua sponte award of attorney fees. Accordingly, the monetary sanctions order is VACATED,[3] and this case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3] This order and judgment is not intended to affect any nonmonetary Rule 11 sanction imposed by the district court, such as the referral of Mr. Cline to the court's disciplinary committee.